IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS, III,              )<br>                                     )<br>        Plaintiff,                  )<br>                                     )<br>   v.                                ) Civ. No. 04-209-SLR<br>                                     )<br>CORRECTIONAL MEDICAL SYSTEMS, )<br>FIRST CORRECTIONAL MEDICAL    )<br>and DEPARTMENT OF CORRECTION, )<br>                                     )<br>        Defendants.                 ) | |

William F. Davis, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se.

Aaron R. Goldstein, Deputy Attorney General, Wilmington, Delaware. Counsel for Defendant Department for Corrections.

Daniel L. McKenty, Esquire, McCullough & McKenty, P.A., Wilmington, Delaware. Counsel for Defendant First Correctional Medical.

MEMORANDUM OPINION

Date: April 25, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Plaintiff William F. Davis filed this action on April 6, 2004, against defendants Correctional Medical Systems ("CMS"), First Correctional Medical ("FCM") and the Department of Correction ("DOC"). (D.I. 2) Plaintiff is seeking compensation for pain and suffering arising from defendants' deliberate indifference to plaintiff's "ventral hernia" while plaintiff was incarcerated at Gander Hill Correctional Facility ("Gander Hill"). (Id.)

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Presently before the court is plaintiff's motion to amend the complaint and defendant DOC's motion to dismiss. (D.I. 10, 17) For the reasons stated below, the court shall grant plaintiff's motion to amend and defendants DOC's motion to dismiss.

## II. BACKGROUND

On May 22, 2002, plaintiff informed the medical care unit at Gander Hill that he was experiencing abdominal pain. (D.I. 2) Plaintiff was seen by the medical staff and was diagnosed with two small ventral hernias. (D.I. 2, Ex. B) At that time, plaintiff refused to have the hernias reduced and was given pain medicine and ordered to wear an "abdominal binder." (Id.) Plaintiff was seen again on May 23, where it was determined that the hernias were easily reducible and were not causing plaintiff

pain. (D.I. 2, Ex. B) Plaintiff complained about pain on June 6, 2002, and diagnostic tests were performed which revealed that the hernias were not reducible and plaintiff's bowel movements were decreased. (Id.) As a result, plaintiff was admitted to the infirmary for approximately six days, where he was placed on a liquid diet, stool softener, and pain medication. (D.I. 2, Ex. B) On June 13, 2002, plaintiff's diet was increased, his symptoms resolved, and an x-ray revealed that plaintiff's abnormality had cleared.[1] (Id.) On July 3, plaintiff complained of pain during a follow up examination and was issued Tagament. (Id.)

In a July 8 letter to plaintiff's mother, it was stated that "the medical service provider, based upon the results of diagnostic tests, has determined that your son's present condition does not require an operation. While your son may believe he is entitled to additional medical care, his condition is being taken seriously and treated appropriately." (D.I. 2, Ex. A) On July 15, 2002, Raphael Williams, Warden at Gander Hill, stated in a letter to Senator Biden that there was no clinical need to recommend surgery to repair plaintiff's ventral hernia. (D.I. 2, Ex. B) On September 5, 2002, plaintiff underwent surgery and four inches of his intestines were removed. (Id.)

---

[1] Plaintiff was still taking pain medication. (D.I. 2)

III. MOTION TO AMEND

    A.    Standard of Review

"A party may amend the party's pleading once as a matter of course at anytime before a responsive pleading is served. . . ." Fed. R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." Id. Courts may deny leave to amend where they find "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Though motions to amend are to be liberally granted, a district court "may properly deny leave to amend where the amendment would not withstand a motion to dismiss." Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989).

    B.    Discussion

Plaintiff seeks leave of court to amend his complaint to correct errors contained in the original pro se complaint. Specifically, plaintiff seeks to change defendant DOC's name to the "State of Delaware Department of Corrections" and set the relief sought by him at seventy-five million dollars. (D.I. 17)

Here, plaintiff seeks to clarify his complaint. There is no

showing that plaintiff acted in bad faith or that the parties will be unduly prejudiced by the delay. Accordingly, plaintiff's motion to amend shall be granted.

**IV. MOTION TO DISMISS**

    **A. Standard of Review**

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

    **B. Discussion**

Defendant DOC moves the court to dismiss plaintiff's complaint on the grounds that: (1) the court lacks jurisdiction to hear a claim against the State of Delaware or an arm of the

State; (2) defendant DOC is not a person within the meaning of 42 U.S.C. § 1983; and (3) plaintiff's claim for medical negligence is not properly based on 42 U.S.C. § 1983. (D.I. 11) For the reasons stated below, defendant DOC's motion to dismiss shall be granted.

Section 1983 imposes liability on any person who, under the color of state law, deprives another of any rights secured by the Constitution or the laws of the United States. See 42 U.S.C. § 1983. To establish a § 1983 violation, a plaintiff "must demonstrate a violation of a right protected by the Constitution . . . that was committed by a person acting under the color of state law." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

As an initial matter, the Eleventh Amendment bars § 1983 claims against state officials sued in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Eleventh Amendment immunity applies to bar actions, where a plaintiff sues a State or State agency for money damages. See Edelman v. Jordan, 415 U.S. 651, 662-3 (1974). Where a suit names a State official in his official capacity, the State is the real party in interest and, as a consequence, Eleventh Amendment immunity applies to the state official. Id. In addition, a State agency is not a "person" subject to claims under 42 U.S.C. § 1983. While Congress, pursuant to its remedial powers under § 5 of the Fourteenth Amendment, may abrogate a State's Eleventh

Amendment immunity, it must clearly state its intent to do so. See Seminole Tribe v. Florida, 517 U.S. 44, 55 (1996). Section 1983 does not contain an express congressional intent to abrogate the Eleventh Amendment. Edelman, 415 U.S. at 617. Nor has the State of Delaware waived its sovereign immunity.

In the case at hand, plaintiff is seeking money damages against defendant DOC. Defendant DOC, however, is immune from suit because it is an agency of the State of Delaware. Additionally, defendant DOC is not a "person" subject to claims under § 1983. For the reasons stated, defendant DOC's motion to dismiss is granted.

V.   CONCLUSION

For the reasons stated above, the court grants plaintiff's motion to amend his complaint and grants defendant DOC's motion to dismiss. An appropriate order shall issue.