IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-209-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, and the DEPT. OF CORRECTION, | ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**

Pursuant to F.R.C.P. 4(m) and 12 (b)(6), defendant First Correctional Medical ("FCM") moves the court for an order dismissing all claims in the complaint against them on the grounds that plaintiff failed to serve defendant FCM within 120 days of filing the complaint and because the complaint fails to state a claim upon which plaintiff may recover. In support of its motion, FCM offers the following:

Background

1. Plaintiff is an inmate in the Delaware correctional system.

2. Defendant FCM was the health care provider for the Delaware correctional system from July 1, 2002 to June 30, 2005.

3. Plaintiff filed his complaint on April 7, 2004. D.I. 2. To date, FCM has still not been served.

4. In his complaint, plaintiff alleges civil rights violations pursuant to 42 *U.S.C.* §1983 against FCM in connection with alleged improper treatment for a ventral hernia.

Legal Standards

5. Pursuant to Rule 4(m), an action "shall be dismissed" as to a defendant who was not served within 120 days of the filing of the complaint when the party on whose behalf such service was made cannot show good cause why service was not effected in the required period.

6. There is no vicarious liability for civil rights claims. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2-3, Robinson, C.J. (D.Del. Feb. 6, 2003) (copy attached as Exhibit 1). Personal involvement by a defendant is required. *Id.*, mem. op. at 3.

7. Pursuant to 18 Del. C. § 6853 (a)(1), an affidavit of merit must accompany a medical negligence complaint filed after October 9, 2003, or "the clerk of court shall refuse to file the complaint and it shall not be docketed with the court."

8. Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

9. Prior to filing a civil lawsuit, an inmate must exhaust all administrative remedies. *Hyson*, mem. order at 2 (citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a)).

10. Under these legal standards, defendant FCM submits that dismissal is warranted because more than one and a half years has passed since the filing of the complaint and plaintiff has failed to perfect service of process and because plaintiff's complaint fails to state a claim against them upon which relief could be recovered.

Plaintiff Has Failed to Serve FCM Within 120 Days

11. More than 540 days have passed since the filing of the Complaint in this matter. Plaintiff has not demonstrated good cause as to why FCM has not been served. Pursuant to F.R.C.P. 4(m), the Court shall dismiss a suit where the time for service has exceeded 120 days and there has

been no showing of good cause.

### Plaintiff has Failed to State a Claim against the FCM Defendants

12.     Plaintiff has named FCM as a defendant in this matter. However, plaintiff has failed to identify any individual who is responsible for the alleged negligence in his complaint. Personal involvement by a defendant is a prerequisite to filing suit. *Hyson*, mem. order at 3. There is no vicarious liability for civil rights actions, so the complaint fails to state a claim against FCM. *Id.*

### Plaintiff has Failed to File an Affidavit of Merit

13.     Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion to extend the time for filing such affidavit. As such, plaintiff state law claims must be dismissed as a matter of law. *Jackson*, 380 F. Supp. 2d at 392.

### Plaintiff Failed to Exhaust Administrative Remedies

14.     Plaintiff failed to exhaust all available administrative remedies prior to filing this legal action. Plaintiff asserts that he filed a grievance and states that a treatment plan was being worked out. *See Complaint*. Therefore, by his own statements, plaintiff establishes that the administrative process was not complete and thus, plaintiff failed to exhausted all administrative remedies. In the absence of proof of exhaustion of all administrative remedies, plaintiff's complaint must be dismissed. *Hyson*, mem. order at 3.

### Conclusion

15. For the above reasons, the FCM respectfully requests that all claims against them be dismissed with prejudice.

                                                              **McCULLOUGH & McKENTY, P.A.**

                                                              /s/ Dana M. Spring  
                                                              Daniel L. McKenty Del. Bar # 2689  
                                                              Dana M. Spring Del. Bar # 4605  
                                                              1225 N. King Street, Suite 1100  
                                                              P.O. Box 397  
                                                              Wilmington, DE 19899-0397  
                                                              (302) 655-6749  
Dated: November 1, 2005                                Attorneys for First Correctional Medical

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-209-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, and the DEPT. OF CORRECTION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I, Dana M. Spring, do hereby certify that on this date two copies of **Motion to Dismiss** were served by first class mail, postage prepaid, on the following individuals:

Kevin J. Connors, Esquire
Marshall Dennehey Warner Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

Aaron Goldstein, Esquire
Department of Justice
820 N. French Street
6th Floor
Wilmington, DE 19801

William F. Davis, III SBI #162762
1301 E. 12th Street
M.P.C.J.F
Wilmington, DE 19809

                                              /s/ Dana M. Spring  
                                              Daniel L. McKenty Del. Bar # 2689  
                                              Dana M. Spring Del. Bar # 4605  
                                              1225 N. King Street, Suite 1100  
                                              P.O. Box 397  
                                              Wilmington, DE 19899-0397  
                                              (302) 655-6749  
                                              Attorneys for First Correctional Medical

Dated: November 1, 2005

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS, III ) | |
| ) | |
| Plaintiff, ) | C.A. No. 04-209-SLR |
| ) | |
| v. ) | |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SYSTEMS, FIRST CORRECTIONAL ) | |
| MEDICAL, and the DEPT. OF ) | |
| CORRECTION, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

And now this _____ day of _____, 2005, having considered First Correctional Medical's Motion to Dismiss and any opposition thereto,

it is HEREBY ORDERED that First Correctional Medical's Motion to Dismiss is granted.

_____
J.