EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT 

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| William E. O'Neil,  )  <br>  ) <br> Plaintiff,  ) <br> v.  ) <br>  ) C.A. No. 99-849-SLR <br> Rick Kearney, Jean Snyder,  ) <br> Dr. Weiss, Karen Clark,  ) <br>  ) <br> Defendants.  ) | |

MEMORANDUM ORDER

I. INTRODUCTION

William E. O'Neil ("plaintiff") is a Delaware prison inmate incarcerated at Sussex Correctional Institution ("SCI") in Georgetown, Delaware. The defendants are the prison warden and three employees of Prison Health Services (collectively "defendants"). Plaintiff filed this action under 42 U.S.C. § 1983, asserting that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment for the defendants' failure to protect the plaintiff from an attack by another inmate. Plaintiff seeks compensatory and punitive damages. Procedurally, the court is faced with motions to dismiss from defendants.

II. FACTS

The basis for plaintiff's complaint is the placement of a violent inmate into his infirmary room on November 8, 1997. Plaintiff was in the SCI infirmary, confined to a wheelchair, for

problems with his feet and legs. Plaintiff's complaint states that at 4:00 P.M. another inmate, Michael Hall, was brought into the room with plaintiff. Apparently, Hall had assaulted another inmate and was transferred to the infirmary for observation. Plaintiff alleges that Hall has had similar problems in the past as a result of his failure to take medication. The complaint maintains that defendant Karen Clark, a psychologist in the ward, was aware of Hall's problems and directed Hall to be placed in the room with plaintiff anyway. Plaintiff further maintains that Dr. Weiss, the mental health supervisor, had been treating Hall and ordered him to be observed prior to these assaults. At approximately 3:00 A.M., plaintiff was awakened by kicking and beating from Hall. As a result, plaintiff required ten stitches.

Plaintiff contends that defendants violated his Eighth Amendment rights by acting with reckless disregard for his safety when they placed a violent inmate in his room.

Defendants move to dismiss the complaint for plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).[1]

---

[1] Defendants also argue that plaintiff has failed to allege facts which would state a claim for a violation of the Eighth Amendment and that plaintiff's claim is barred by the applicable statute of limitations. However, because the case is being dismissed for plaintiff's failure to exhaust administrative remedies, no discussion of the merits of plaintiff's claim is warranted.

2

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), provides that

> (n)o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

(amended by Pub.L. 104-134, Title I, § 101(a), 110 Stat. 1321-71 (1996)). 18 U.S.C. § 2636(g) defines "prison conditions" as "...the effects of actions by government officials on the lives of persons confined in prison...." Actions under this clause relate to "the environment in which prisoners live, the physical conditions of that environment, and the nature of the services provided therein." Booth v. Churner, C.O., 206 F.3d 289, 291 (3rd. Cir. 2000).

Taking all allegations in plaintiff's complaint as true, the defendants' actions fit under the purview of the statute. The placement of a violent prisoner in plaintiff's room is certainly an action that affected the environment in which he lived. Because the action complained of is a "prison condition," plaintiff is required to exhaust administrative remedies, if any exist, before filing a complaint in federal court.

In the complaint, plaintiff acknowledges that a prisoner grievance procedure exists but did not file a grievance because

3

"grievance for prisoner and institution matters."[2]  (D.I. 2)  In Booth, the court held that prisoners must exhaust administrative remedies available to them prior to filing a § 1983 action, whether or not the remedies provide the inmate-plaintiff with the relief desired.  206 F.3d at 291 (citing Nyhuis v. Reno, 204 F.3d 65, 78 (3rd. Cir. 2000)).  By applying § 1997e(a) without exception, the policies underlying the exhaustion requirements are promoted, that is, the agency involved is given the opportunity to discover and correct its own mistakes and also conserve judicial resources.  Nyhuis, 204 F.3d at 75.

V.  CONCLUSION

Therefore, at Wilmington this 6th day of November, 2000,

IT IS ORDERED that the motions to dismiss filed on behalf of defendants Rick Kearney, Jean Snyder, Dr. Weiss, and Karen Clark are granted.

_____
United States District Judge

---

[2] Presumably this statement evidences that plaintiff thought the grievance process was only for prisoner and institution matters.

4