IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
WILLIAM F. DAVIS, III     )
                          )
          Plaintiff,      )
                          )
     v.                   )  Civil Action No. 04-209-SLR
                          )
CORRECTIONAL MEDICAL      )
SYSTEM'S, FIRST CORRE.    )
MEDICAL, NURSE BETTY,     )
and DR. ROBINSON,         )
                          )
          Defendant.      )
```

**ORDER**

At Wilmington this $\partial d$ day of June, 2006.

Plaintiff William F. Davis, III, an inmate at the Delaware Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (D.I. 2)  He appears pro se and on May 4, 2004, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915.  (D.I. 4)

Since the filing of the complaint, plaintiff has amended the complaint to add new defendants.  (D.I. 21, 38)  One of the named defendants is First Correctional Medical (FCM).  It has been served and counsel appears on its behalf.  (D.I. 14)

In accordance with the court's order of March 14, 2006, plaintiff returned to the court completed USM-285 forms for service upon Dr. Robinson ("Dr. Robinson") and Nurse Betty ("Nurse Betty").  The USM-285 form for Dr. Robinson was filled out to "**SERVE** Dr. Robinson/First Correctional Medical **AT** First Correctional Medical, 6661 North Oracle Road, Tucson, Arizona

85704," and the USM-285 for Nurse Betty was filled out to "**SERVE** Nurse Betty (Doe)" at the same address listed for Dr. Robinson. (D.I. 40, 41)   The USM-285 forms were forwarded to the U.S. Marshal Service along with other court documents for service upon these two defendants.   The USM-285 forms were returned unexecuted by the U.S. Marshal with the identical remarks, "FCM does not accept service for individuals, only for FCM.   Return unexecuted." (D.I. 40, 41)

The court has an obligation to assist pro se plaintiffs in the service of process.   Palmer v. Stewart, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (citing Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997)).   Indeed, many courts have entered orders to assist a pro se plaintiff in identifying and obtaining addresses of defendants so that service may be effected.   See In Re Johnson, No. 02-5225, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); Palmer v. Stewart, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an affidavit containing name and address to assist pro se plaintiff in service of process); Garrett v. Miller, No. 02 C 5437, 2003 WL 1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered

to provide address to court to assist pro se plaintiff in obtaining service of process); Dudley v. Texas Instruments, Inc., No. Civ.A. 302CV292M, 2002 WL 992766 (N.D. Tex. May 13, 2002) (court determines assistance should be provided to pro se plaintiff to help him effect proper service, and counsel for corporation is ordered to provide plaintiff with names and addresses of corporate officers and registered agent); Bloomer v. City of New York, No. CV 89-592(RR), 1994 WL 92388 (E.D.N.Y. Mar. 3, 1994) (court ordered counsel for New York City, who did not represent police officers in their individual capacity, to provide addresses of police officers when counsel refused to accept service for officers).

Additionally, the court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962). Similarly, a court has the inherent power to find a nonparty in contempt and impose coercive sanctions for failure to comply with a court's order. General Ins. Co. of Am. v. Eastern Consol. Utilities, Inc., 126 F.3d 215 n. 5 (3d Cir. 1997); Inmates of the Allegheny County Jail v. Wecht, 901 F.2d 1191, 1198 (3d Cir. 1990); Parkway Gallery Furniture, Inc., v. Kittinger/Pennsylvania House Group, 121 F.R.D. 264, 267 (M.D. N.C. 1988).

THEREFORE, IT IS ORDERED that on or before **June 16, 2006**,
First Correctional Medical, Inc. shall provide to the court the
last known addresses for Dr. Robinson and Nurse Betty Doe, or in
the alternative, if the foregoing individuals are still employed
by First Correctional Medical, Inc., the correctional facility
where they are now located, so that these defendants may be
served.

First Correctional Medical, Inc. is put on notice that
failure to comply with this order may result in a finding of
contempt.

The clerk of the court is directed to serve a copy of this
order, by certified mail, upon First Correctional Medical, Inc.
at its corporate headquarters, 6861 North Oracle Road, Tucson,
Arizona 85704, as well as its attorney of record.

UNITED STATES DISTRICT JUDGE

-4-