IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-209-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, and the DEPT. OF CORRECTION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**FCM DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FCM DEFENDANTS' RENEWED MOTION TO DISMISS**

1. Plaintiff is an inmate in the Delaware correctional system.

2. Defendant FCM was the health care provider for the Delaware correctional system from July 1, 2002 to June 30, 2005.

3. Plaintiff filed his complaint on April 7, 2004 alleging Eighth Amendment violations[1] that occurred between May 22, 2002 and September 5, 2002.

4. Plaintiff filed this suit in 2004 while FCM was still the healthcare provider for the Delaware correctional system. D.I. 2. Defendant FCM was not served until January 23, 2006.

5. In its March 14, 2006 Order, this Court denied FCM's Motion to Dismiss with leave to re-file and simultaneously granted plaintiff's Motion to Amend. D.I. 38. This Court felt that the Amended Complaint (adding defendants Dr. Robinson and Nurse Betty) addressed the issues in

---

[1] Plaintiff has made no specific mention of any Delaware State law medical negligence claim and any such claim that could be inferred is barred for failure to comply with 18 Del. C. § 6853 (a)(1). *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del. 2005).

FCM's Motion to Dismiss.

6. On June 5, 2006, this Court ordered FCM to produce the last known addresses for Dr. Robinson and Nurse Betty Doe. D.I. 42. FCM complied with this request on June 14, 2006 by filing a Motion to Seal and providing the addresses to the Court under protective seal. D.I. 46, 47.

7. On August 29, 2006, Plaintiff filed a Motion for Default Judgment against Defendant FCM. D.I. 49.

8. To date, Dr. Robinson and Nurse Betty Doe have not been served.

## Legal Standards

9. Pursuant to Rule 4(m), an action "shall be dismissed" as to a defendant who was not served within 120 days of the filing of the complaint when the party on whose behalf such service was made cannot show good cause why service was not effected in the required period.

10. There is no vicarious liability for civil rights claims. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2-3, Robinson, C.J. (D.Del. Feb. 6, 2003) (copy attached as Exhibit 1). Personal involvement by a defendant is required. *Id.*, mem. op. at 3.

11. Pursuant to 18 Del. C. § 6853 (a)(1), an affidavit of merit must accompany a medical negligence complaint filed after October 9, 2003, or "the clerk of court shall refuse to file the complaint and it shall not be docketed with the court."

12. Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

13. Prior to filing a civil lawsuit, an inmate must exhaust all administrative remedies. *Hyson*, mem. order at 2 (citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a)).

14. Pursuant to Delaware law, the statute of limitations for a 42 *U.S.C.* 1983 claim is two

years. *Moody v. Kearney*, 380 F. Supp. 393, 397 (D. Del. 2005).

15.  The Third Circuit recognizes an equitable tolling doctrine. *Id*. The Third Circuit notes that "it should be invoked sparingly" and has only found the doctrine appropriate in three instances: "(1) where the defendant actively misleads the plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Id*.

16.  Under these legal standards, the FCM defendants submit that dismissal is warranted because (1) without good cause, more than almost two years passed before service of process was perfected against defendant FCM, (2) plaintiff's complaint fails to state a claim against defendant FCM upon which relief could be recovered, and (3) plaintiff's amended complaint against Dr. Robinson and Nurse Betty is barred by the statute of limitations.

### Plaintiff Has Failed to Serve FCM Within 120 Days

17.  Almost two years transpired from the filing of the Complaint in this matter to the service of defendant FCM. Plaintiff has not demonstrated good cause as to why FCM was not served within 120 days. Pursuant to F.R.C.P. 4(m), the Court shall dismiss a suit where the time for service has exceeded 120 days and there has been no showing of good cause.

### Plaintiff has Failed to State a 42 U.S.C. § 1983 claim against FCM

18.  Plaintiff has named FCM as a defendant in this matter. There is no vicarious liability for civil rights actions and thus, pursuant to federal law, the complaint fails to state a claim 42 U.S.C. § 1983 against defendant FCM. *Hyson,* mem. order at 2-3.

### Plaintiff has Failed to File an Affidavit of Merit

19.  Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion

to extend the time for filing such affidavit. As such, plaintiff state law claims must be dismissed as a matter of law. *Jackson*, 380 F. Supp. 2d at 392.

### Plaintiff Failed to Exhaust Administrative Remedies

20. Plaintiff failed to exhaust all available administrative remedies prior to filing this legal action. Plaintiff asserts that he filed a grievance and states that a treatment plan was being worked out. *See Complaint*. Therefore, by his own statements, plaintiff establishes that the administrative process was not complete and thus, plaintiff failed to exhausted all administrative remedies. In the absence of proof of exhaustion of all administrative remedies, plaintiff's complaint must be dismissed. *Hyson*, mem. order at 3.

### Plaintiff's Claims Against Dr. Robinson and Nurse Betty are Time Barred

21. Plaintiff did not make any allegations against Dr. Robinson or Nurse Betty until June 29, 2005 - more than one year after the original complaint was filed and more than three years after the alleged constitutional violation occurred. Pursuant to Delaware law, the statute of limitations for a 42 *U.S.C.* § 1983 claim is two years. *Moody*, 380 F. Supp. at 397. Plaintiff's claims against Dr. Robinson and Nurse Betty are time barred.

22. The plaintiff does not qualify for the federal equitable tolling doctrine as (1) the defendants did not actively mislead the plaintiff in any fashion with respect to his case, (2) the plaintiff was not prevented from asserting his claim in a timely fashion, and (3) the plaintiff did not assert his claim in the wrong forum. *Id*.

### Conclusion

23. For the above reasons, the FCM defendants respectfully request that all claims against them be dismissed with prejudice.

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for FCM defendants

Dated: September 12, 2006

Case 1:04-cv-00209-SLR     Document 50     Filed 09/12/2006     Page 5 of 7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS, III ) | |
| ) | |
| Plaintiff, ) | C.A. No. 04-209-SLR |
| ) | |
| v. ) | |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SYSTEMS, FIRST CORRECTIONAL ) | |
| MEDICAL, and the DEPT. OF ) | |
| CORRECTION, ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I, Dana Spring Monzo, do hereby certify that on this date two copies of *FCM Defendants' Opposition to Plaintiff's Motion for Default Judgment and FCM Defendants' Renewed Motion to Dismiss* were served electronically and via first class mail, postage prepaid, on the following individuals:

Kevin J. Connors, Esquire
Marshall Dennehey Warner Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

William F. Davis, III SBI #162762
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Dana Spring Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for FCM defendants

Dated: September 12, 2006

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-209-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, and the DEPT. OF CORRECTION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

And now this _____ day of _____, 2006, having considered *FCM Defendants' Opposition to Plaintiff's Motion for Default Judgment and FCM Defendants' Renewed Motion to Dismiss* and any opposition thereto,

it is HEREBY ORDERED that *FCM Defendants' Opposition to Plaintiff's Motion for Default Judgment and FCM Defendants' Renewed Motion to Dismiss* is granted.

_____
J.