IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
WILLIAM F. DAVIS, III,          )
                                )
          Plaintiff,            )
                                )
     v.                         )  Civ. No. 04-209-SLR
                                )
                                )
CORRECTIONAL MEDICAL SYSTEM,    )
FIRST CORRECTIONAL MEDICAL,     )
NURSE BETTY, and DR. ROBINSON,  )
                                )
          Defendants.           )
```

**SUPPLEMENTAL SERVICE ORDER**

At Wilmington this 26th day of September, 2006, the court having received addresses from First Correctional Medical for Nurse Betty ("Betty Bradley") and Dr. Robinson ("Dr. Benjamin Robinson")(D.I. 47) and First Correctional Medical refusing to accept service on behalf of its current or former employees;

IT IS ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. First Correctional Medical's motion to seal (D.I. 46) is **granted**.

3. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **the fully named defendants Betty Bradley and Dr. Benjamin Robinson.** <u>Plaintiff is not</u>

**required fill in the "Serve At" section. The "Serve At" section will be completed by the court.** Additionally, plaintiff shall provide the court with copies of the complaint (D.I. 2) and the amended complaint (D.I. 17) for service upon the newly named defendants. Plaintiff is notified that the United States Marshal will not serve the complaint and the amended complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the fully named defendants within 120 days from the date of this order may result in the complaint and/or amended complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

    4.   Upon receipt of the form(s) required by paragraph 3 above, the United States Marshal shall forthwith serve copies of the complaint (D.I. 2), the amended complaint (D.I. 17), and the court's orders dated May 4, 2004 (D.I. 4), July 27, 2004 (D.I. 6), April 25, 2005 (D.I. 20), June 3, 2005 (D.I. 21), and March 14, 2006 (D.I. 38), a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the fully named defendants identified in the 285 forms. The executed return of service or return of waiver form for **defendants Betty Bradley and Dr. Benjamin Robinson SHALL BE FILED UNDER SEAL**.

    5.   Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed

2

"Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

6. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

                                                 _/s/ Sue L. Robinson_
                                                 UNITED STATES DISTRICT JUDGE