IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS III,<br>    PLAINTIFF,<br><br>-v-<br><br>FIRST CORRECTIONAL MEDICAL,<br>NURSE BETTY DOE, AND DR. BENJAMIN<br>ROBINSON,<br><br>    DEFENDANTS. | )<br>)<br>)<br>)<br>)   C.A. No. 04-209-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
FEB -7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

## PLAINTIFF'S ANSWERING BRIEF TO DEFENDANTS MOTION TO DISMISS

Now comes the Plaintiff, William F. Davis III, Pro-Se, respectfully submitting an answering brief in response to the Defendants Motion to Dismiss, dated September 12, 2006.

### BACKGROUND

1. Plaintiff is an inmate in the Delaware Correctional Center.

2. Plaintiff filed a 1983 complaint stating 8th Amendment violations that occurred between May 22, 2002 and September 5, 2002.

3. On March 14, 2006, the Court denied FCM's motion to dismiss with leave to refile.

4. On June 5, 2006, the Court ordered FCM to produce last known addresses for Defendant Dr. Robinson and Nurse Betty Doe. FCM complied with the Courts request by filing a motion to seal and providing the addresses to the Court under protective seal.

5. THE PLAINTIFF PROVIDED ADDITIONAL COPIES OF HIS COMPLAINT TO THE COURT FOR SERVICE UPON DEFENDANTS DR. ROBINSON AND NURSE BETTY DOE, WHO'S ADDRESSES WERE UNDER SEAL.

## LEGAL STANDARDS

1. AS TO ANY CLAIMS THAT HIS CLAIM SHOULD BE DISMISSED, IT IS CLEAR IN WELL SETTLED LAW THAT "A MOTION TO DISMISS WILL BE DENIED UNLESS IT APPEARS BEYOND ALL DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIMS THAT WOULD ENTITLE HIM TO RELIEF. THE ALLEGATIONS IN THE COMPLAINT MUST BE TAKEN AS TRUE FOR PURPOSES OF THE MOTION TO DISMISS," POWELL-V-LENNON, 914 F.2d 1459 (11th Cir. 1990).

2. AS TO THE DEFENDANTS CLAIM THAT THERE IS NO VICARIOUS LIABILITY FOR CIVIL RIGHTS CLAIMS, THE PLAINTIFF IS NOT HOLDING FCM VICARIOUSLY LIABLE FOR DEFENDANT DR. ROBINSON AND NURSE BETTY DOE'S MISCONDUCT, BUT RATHER FCM HAD A JOB TO DO IN PROVIDING THE INMATES IT WAS CONTRACTED TO CARE FOR WITH ADEQUATE HEALTH CARE AND THEY FAILED TO DO SO, HILL-V-MARSHALL, 962 F.2d 1209 (6th Cir. 1992).

3. PLAINTIFF HAS NO FORMAL LEGAL TRAINING AND WAS TOTALLY UNAWARE OF AN AFFIDAVIT OF MERIT THAT NEEDED TO BE FILED WITH A MEDICAL NEGLIGENCE COMPLAINT. FURTHERMORE, PLAINTIFF WITHDRAWS ANY CLAIM OF NEGLIGENCE AND ONLY PURSUES THE CLAIM OF DELIBERATE INDIFFERENCE. PLAINTIFF ALSO FILES AN AFFIDAVIT OF MERIT WITH THIS ANSWER TO DEFENDANTS MOTION TO DISMISS.

4. PLAINTIFF HAS A SEVERE DISABILITY AND HANDICAP SUFFERING FROM A SEVERE MENTAL DISORDER. IT IS EVIDENTLY CLEAR THAT THE MAJORITY OF THE PLAINTIFF'S FILINGS HAVE BEEN INCOMPETENT, INSUFFICIENT, OR IN THE WRONG FORUM. PLAINTIFF'S CLAIM DOES SHOW MERIT AND HE SHOULD BE GIVEN AS MUCH LEAWAY AS POSSIBLE WITH ALL LEGAL PROCEEDINGS CONSIDERING HIS DIMINISHED MENTAL CAPACITY AND NO LEGAL KNOWLEDGE OR TRAINING.

### PLAINTIFF'S ANSWER TO FAILING TO SERVE FCM WITHIN 120 DAYS

PLAINTIFF'S DIMINISHED MENTAL CAPACITY ALONG WITH NO LEGAL KNOWLEDGE DEMONSTRATES THE SHOWING OF GOOD CAUSE FOR SERVICE EXCEEDING 120 DAYS.

### PLAINTIFF'S ANSWER TO FAILING TO STATE A CLAIM AGAINST FCM

PLAINTIFF STATED THE FACTS TO THE BEST OF HIS ABILITY THE FACTS AND MERITS OF HIS CLAIM, AND A REQUEST FOR PUNITIVE AND COMPENSATORY DAMAGES. "THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT REQUIRE A CLAIMANT TO SET OUT IN DETAIL THE FACTS UPON WHICH HE BASES HIS CLAIM. TO THE CONTRARY, ALL THE RULES REQUIRE IS A 'SHORT AND PLAIN STATEMENT OF THE CLAIM' THAT WILL GIVE THE DEFENDANT FAIR NOTICE OF WHAT THE PLAINTIFF'S CLAIM IS AND THE GROUNDS UPON WHICH IT RESTS," CONLEY -V- GIBSON, 355 U.S. 41, 2 L.Ed. 2d 80, 78 S.Ct. 99 (1957).

### PLAINTIFF'S ANSWER TO FAILING TO FILE AFFIDAVIT OF MERIT

PLAINTIFF WITHDRAWS ANY CLAIM OF NEGLIGENCE, AND STANDS FIRM ON HIS CLAIM OF DELIBERATE INDIFFERENCE. PLAINTIFF HAS FILED AN AFFIDAVIT OF MERIT WITH THE FILING OF THIS MOTION TO SUPPORT ANY STATEMENT HE HAS STATED THROUGHOUT THE PROCEEDINGS OF THIS CIVIL ACTION.

### Plaintiff's Answer to Failing to Exhaust Administrative Remedies

Plaintiff filed a grievance prior to filing his legal action. The medical department strung defendant along with an inadaquate treatment plan causing grievous and serious physical injury to the plaintiff. In the case at bar, the plaintiff's grievance does not reflect a resolution and the defendants FCM where dismissed from its contract before a resolution of his grievance. Based on this fact, plaintiff exhausted his remedies.

### Plaintiff's Answer to Claims Against Dr. Robinson and Nurse Betty Being Time Barred

The court granted plaintiff the right to ammend his complaint to add defendants Dr. Robinson and Nurse Betty to the original complaint. The plaintiff qualifies for the federal equitable tolling doctrine based on asserting his claim in the wrong forum and that he was prevented from serving these 2 defendants through the process of service not having there addresses, which subsequently were provided under seal after a court order was issued.

### Conclusion

For the above reasons, the defendants motion to dismiss should be denied based on the plaintiff's meritorious claims, and that the plaintiff should be given leniency in his pleadings based on his diminished capacity due to a severe mental illness and having no legal knowledge.

DATE: FEBRUARY 1, 2007

RESPECTFULLY SUBMITTED,

*William F Davis III*
WILLIAM F. DAVIS III
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

## CERTIFICATE OF SERVICE

I, WILLIAM F. DAVIS III, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE <u>PLAINTIFF'S ANSWERING BRIEF TO DEFENDANTS MOTION TO DISMISS</u> IS SERVED UPON THE FOLLOWING PARTIES:

U.S. DISTRICT COURT
LOCKBOX 18
844 KING STREET
WILMINGTON, DELAWARE 19801

AND

DANIEL L. McKENTY, ESQ.
DANA SPRING MONZO, ESQ.
1225 N. KING ST., SUITE 1100
P.O. BOX 397
WILMINGTON, DELAWARE 19899

ON THIS 1ST DAY OF FEBRUARY, 2007.

_William F. Davis III_

IM William F. Davis III
SBI# 162762   UNIT T-2
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street Lock box 18
Wilm, Del
19801-3570


