IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-209-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, and the DEPT. OF CORRECTION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**FCM DEFENDANTS' REPLY TO PLAINTIFF'S ANSWERING BRIEF TO DEFENDANTS MOTION TO DISMISS**

1. Plaintiff is an inmate in the Delaware correctional system.

2. Defendant FCM was the health care provider for the Delaware correctional system from July 1, 2002 to June 30, 2005.

3. Plaintiff filed his complaint on April 7, 2004 alleging Eighth Amendment violations[1] that occurred between May 22, 2002 and September 5, 2002.

4. Plaintiff filed this suit in 2004 while FCM was still the healthcare provider for the Delaware correctional system. D.I. 2. Defendant FCM was not served until January 23, 2006.

5. In its March 14, 2006 Order, this Court denied FCM's Motion to Dismiss with leave to re-file and simultaneously granted plaintiff's Motion to Amend. D.I. 38. This Court felt that the Amended Complaint (adding defendants Dr. Robinson and Nurse Betty) addressed the issues in

---

[1] Plaintiff has made no specific mention of any Delaware State law medical negligence claim and any such claim that could be inferred is barred for failure to comply with 18 Del. C. § 6853 (a)(1). *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

FCM's Motion to Dismiss.

6.  On June 5, 2006, this Court ordered FCM to produce the last known addresses for Dr. Robinson and Nurse Betty Doe. D.I. 42. FCM complied with this request on June 14, 2006 by filing a Motion to Seal and providing the addresses to the Court under protective seal. D.I. 46, 47.

7.  On August 29, 2006, Plaintiff filed a Motion for Default Judgment against Defendant FCM. D.I. 49.

8.  Dr. Robinson and Nurse Betty Bradley were served January 22, 2007. D. I. 61, 62.

## Legal Standards

9.  Pursuant to Rule 4(m), an action "shall be dismissed" as to a defendant who was not served within 120 days of the filing of the complaint when the party on whose behalf such service was made cannot show good cause why service was not effected in the required period.

10. There is no vicarious liability for civil rights claims. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2-3, Robinson, C.J. (D.Del. Feb. 6, 2003). Personal involvement by a defendant is required. *Id.*, mem. op. at 3.

11. Pursuant to 18 Del. C. § 6853 (a)(1), an affidavit of merit must accompany a medical negligence complaint filed after October 9, 2003, or "the clerk of court shall refuse to file the complaint and it shall not be docketed with the court."

12. Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

13. Prior to filing a civil lawsuit, an inmate must exhaust all administrative remedies. *Hyson*, mem. order at 2 (citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a)).

14. Pursuant to Delaware law, the statute of limitations for a 42 *U.S.C.* 1983 claim is two

years. *Moody v. Kearney*, 380 F. Supp. 393, 397 (D. Del. 2005).

15. The Third Circuit recognizes an equitable tolling doctrine. *Id*. The Third Circuit notes that "it should be invoked sparingly" and has only found the doctrine appropriate in three instances: "(1) where the defendant actively misleads the plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Id*.

16. Under these legal standards, the FCM defendants submit that dismissal is warranted because (1) without good cause, more than almost two years passed before service of process was perfected against defendant FCM, (2) plaintiff's complaint fails to state a claim against defendant FCM upon which relief could be recovered, and (3) plaintiff's amended complaint against Dr. Robinson and Nurse Betty is barred by the statute of limitations.

<u>Plaintiff Has Failed to Serve FCM Within 120 Days</u>

17. Plaintiff alleges in his response to FCM Defendants' Motion to Dismiss that his diminished mental capacity and lack of legal knowledge demonstrate good cause for service exceeding 120 days. However, plaintiff's pleadings are coherent and contain cogent legal arguments - demonstrating that plaintiff does not have diminished mental capacity or a lack of legal skill. Additionally, plaintiff cannot claim lack of legal knowledge for failure to serve FCM timely as the other initial defendants were timely served. Plaintiff has not asserted good cause for his service failures and Rule 4(m) requires an action to be dismissed where, without good cause, service was not perfected within 120 days.

<u>Plaintiff has Failed to State a 42 U.S.C. § 1983 claim against FCM</u>

18. In neither his complaint nor his response to FCM Defendants' Motion to Dismiss, has

plaintiff made an allegation that would constitute a 42 U.S.C. § 1983 claim against First Correctional Medical. There is no vicarious liability for civil rights actions and thus, pursuant to federal law, the complaint fails to state a claim 42 U.S.C. § 1983 against defendant FCM. *Hyson,* mem. order at 2-3.

### Plaintiff has Failed to File an Affidavit of Merit

19.     On page 2 of Plaintiff's Answering Brief to Defendants Motion to Dismiss, D.I. 58, plaintiff "withdraws any claim of negligence". Thus plaintiff has voluntarily dismissed the State law claims against the defendants.

### Plaintiff Failed to Exhaust Administrative Remedies

20.     The fact that the Department of Correction changed medical vendors in July of 2005 does not excuse the plaintiff from complying with the Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a). The grievance process does not change because there is a change of medical vendors. Plaintiff failed to exhaust all available administrative remedies prior to filing this legal action and thus plaintiff's complaint must be dismissed. *Hyson*, mem. order at 3.

### Plaintiff's Claims Against Dr. Robinson and Nurse Betty Bradley are Time Barred

21.     Plaintiff alleges that he qualifies for the equitable tolling doctrine because he filed his claim in the wrong forum. Plaintiff has misapplied the law. This case has always been filed in the proper forum of the District of Delaware. Plaintiff is ineligible for the equitable tolling doctrine and the claims against Dr. Robinson and Nurse Betty Bradley are time barred.

### Conclusion

22.     For the above reasons, the FCM defendants respectfully request that all claims against them be dismissed with prejudice.

                                    **McCULLOUGH & McKENTY, P.A.**

                                    /s/ Dana Spring Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for FCM defendants

Dated: March 23, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-209-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, and the DEPT. OF CORRECTION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Dana Spring Monzo, do hereby certify that on this date two copies of ***FCM Defendants' Reply to Plaintiff's Answering Brief to Defendants Motion to Dismiss*** were served electronically and via first class mail, postage prepaid, on the following individuals:

Kevin J. Connors, Esquire
Marshall Dennehey Warner Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

William F. Davis, III SBI #162762
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Dana Spring Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for FCM defendants

Dated: March 23, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-209-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, and the DEPT. OF CORRECTION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

And now this _____ day of _____, 2007, having considered *FCM Defendants' Opposition to Plaintiff's Motion for Default Judgment and FCM Defendants' Renewed Motion to Dismiss* and any opposition thereto,

it is HEREBY ORDERED that *FCM Defendants' Opposition to Plaintiff's Motion for Default Judgment and FCM Defendants' Renewed Motion to Dismiss* is granted.

_____
J.