IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | C. A. No. 04-209-SLR |
| | ) | |
| v. | ) | TRIAL BY JURY |
| | ) | DEMANDED |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC. (incorrectly designated as "Correctional | ) | |
| Medical Systems"), et al. | ) | |
| | ) | |

**RENEWED MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC. (incorrectly designated as "CORRECTIONAL MEDICAL SYSTEMS") TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT**

Defendant, Correctional Medical Services, Inc. (incorrectly designated as "Correctional Medical Systems") ("CMS"), through its undersigned attorneys, hereby moves this Honorable Court to dismiss plaintiff's Complaint, D.I. #2, and Amended Complaint, D.I. #52, and states as follows:

1. On March 3, 2006, CMS filed a Motion to Dismiss Plaintiff's Complaint. D. I. # 37.

2. On March 14, 2006, the Court granted plaintiff's Motion to Amend his Complaint to add as defendants Dr. Benjamin Robinson and Nurse Betty Bradley to the claims asserted against co-defendant, First Correctional Medical. D. I. #38. The Court denied Motions to Dismiss filed by CMS, D. I. #37, and by First Correctional Medical, D. I. #30, without prejudice to renew after the newly added defendants, Dr. Robinson and Nurse Bradley had an appearance entered on their behalves or otherwise responded to the Amended Complaint.

3. On March 23, 2007, counsel for First Correctional Medical entered her appearance on behalf of Nurse Betty Bradley and Dr. Benjamin Robinson,D.I. #65, and filed a Motion to Dismiss on their behalf. D. I. #66.

4. On March 29, 2007, the Court granted FCM's Motion to Dismiss, D. I. #50, as to plaintiff's medical negligence claims under Delaware law because plaintiff has withdrawn state law claims of medical negligence, D. I. #58, and denied FCM's Motion to Dismiss in all other respects.  The Court also granted the Motion to Dismiss of defendants, Betty Bradley and Benjamin Robinson, M.D.,  D. I. #66, as to the medical negligence claims under Delaware law and denied their Motion in all other respects.  D. I. #68 &# 69.

5. CMS renews its Motion to Dismiss in accordance with paragraph 7 of the Court's prior Order of March 14, 2006 because the newly added defendants, Nurse Betty Bradley and Dr. Benjamin Robinson, have had counsel appear on their behalf for the reasons set forth below.

6. Plaintiff is an inmate incarcerated at the Multi Purpose Criminal Justice Facility (Gander Hill) in Wilmington, Delaware.  He filed a  Complaint on or about April 7, 2004,  D.I. #2, and an Amended Complaint on October 16, 2006, D. I. #52.

7. Plaintiff's Complaint and Amended Complaint allege civil rights violations under 42 U.S. C. §1983.[1]

8. Defendant, CMS, was the medical services provider in Delaware's prisons from July 1, 2000 through June 30, 2002.[2]

9. Plaintiff alleges in his Complaint and Amended Complaint that he informed the medical care unit at Gander Hill on May 22, 2002 that he was experiencing abdominal pain, that he was seen by the medical staff and was diagnosed with two small ventral hernias, that he

---

[1] 42 U.S.C. §1983 reads, in part:
> Every Person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory… subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress.

[2] CMS became the medical services provider in Delaware's prisons again on July 1, 2005.  Plaintiff's allegations do not encompass CMS' current tenure period.

refused at that time to have the hernias reduced and was given pain medicine and ordered to wear an "abdominal binder", that he was seen again on May 23, 2002 when it was determined that the two hernias were easily reducible and were not causing plaintiff pain, that he complained of pain of June 6, 2002, that diagnostic tests were performed which revealed that the hernias were not reducible and plaintiff's bowel movements were decreased, that consequently, plaintiff was admitted to the infirmary for six (6) days where he was placed on a liquid diet and given a stool softener and pain medication, that on June 13, 2002 his diet was increased, his symptoms resolved and an x-ray showed that his abnormality had cleared, that plaintiff was still taking pain medication then, and that on July 3, 2002 he complained of pain during a follow-up examination and was issued Tagament. D.I.#2 & #52. See also Memorandum Opinion dated 4/25/05, D.I. #19.

  10. A claim must be dismissed because it fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6). Even a pro se litigant must plead sufficient facts assisting a legal claim. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). Further, the Complaint "must provide the defendants with fair notice of what plaintiff's claim is and the grounds upon which it rests." United States v. City of Philadelphia, 644 F.2d. 187, 204 (3rd Cir. 1980), citing Conley v. Gibson, 355 U.S. 41, 47 (1957).

  11. In order to state a cognizable claim for violations of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. Benson v. Cady, 761 F. 2d 335, 339 (7th Cir.

1985). To show "deliberate indifference", the plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994). In addition, a plaintiff must allege that his/her medical condition is "serious". Boring v. Kozakiewicz, 833 F. 2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988). Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. Durmer v. O'Carroll, 991 F. 2d 64, 67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. Estelle, 429 U.S. at 107.

12. In order to be liable in a civil rights action, a defendant must have personal involvement in the alleged wrongs. Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (1988) (citations omitted). "Personal involvement" may be demonstrated through "allegations of personal direction or of actual knowledge and acquiescence." These allegations, however, must be made with appropriate particularity. Id.

13. Although plaintiff's Complaint and Amended Complaint list CMS as defendant, they fail to set forth any specific allegations of personal involvement in the alleged violation of plaintiff's civil rights. Accordingly, CMS is entitled to dismissal of all claims against it.

14. CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs. Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D.Del. 1992), citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict'". "'Custom, on the other hand, can proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well settled and permanent as virtually constitute law". Whalen v.

Correctional Medical Services, et al., 2003 U.S. Dist. LEXIS 14562, Mem. Op. (Aug. 18, 2003) citing Miller, 802 F. Supp. at 1132. See Exhibit "A". "To state a claim, plaintiff would have to demonstrate that CMS as a policy or custom of not providing necessary medical care to inmates". CMS would not be liable unless it had a policy of custom that encouraged or otherwise caused its physicians to not provide such necessary services." Id.

15. Plaintiff has failed to allege nor could he prove the existence or execution of any unconstitutional policy or custom on the part of CMS constituting deliberate indifference to a serious medical need. On contrary, plaintiff was treated for his medical condition from the beginning of his date of complaints until the end of CMS' tenure at the subject time. Plaintiff has also failed to plead that CMS had "personal involvement in the alleged wrong". The fact that he believes that he should have been afforded treatment other than that which was provided is merely a disagreement over the course of medical treatment and does not rise to a constitutional issue. Whalen, C.A. No. 02-246-JJF Mem. Op. at 5. Accordingly, the §1983 – based claims in plaintiff's Complaint and Amended Complaint must fail.

16. CMS is also entitled to dismissal of plaintiff's Complaint because it cannot be held responsible under a theory of respondeat superior in a §1983 action. Private corporations that provide medical services for the State cannot be held liable under a theory of respondeat superior. Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del.1995); Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992).

17. Plaintiff's state law based claims of medical negligence against CMS have been withdrawn by plaintiff, D. I. #58, as the Court recognized in its Memorandum Opinion dated

March 29, 2007. D.I. #68, at 6 and, accordingly, CMS also moves for dismissal of plaintiff's medical negligence claims.[3]

    WHEREFORE, defendant, Correctional Medical Services, Inc. (incorrectly designated as "Correctional Medical Systems"), respectfully moves this Honorable Court to enter an Order, dismissing plaintiff's Complaint and Amended Complaint against it with prejudice.

                                            MARSHALL, DENNEHEY, WARNER,
                                            COLEMAN & GOGGIN

                                            BY:   */s/ Kevin J. Connors*
                                            Kevin J. Connors, Esquire #2135
                                            1220 North Market Street, 5th Fl.
                                            P.O. Box 8888
                                            Wilmington, DE 19899-8888
                                            Attorney for Defendant,
                                            Correctional Medical Services, Inc.
                                            (Incorrectly designated as "Correctional
                                            Medical Systems")

Dated: April 4, 2007
\15_A\LIAB\KJCONNORS\LLPG\419264\VLLUCAS\13252\00161

---

[3] The Court dismissed plaintiff's medical negligence claims under Delaware law against co-defendants, First Correctional Medical, Nurse Betty Bradley and Dr. Benjamin Robinson on March 29, 2007 because of plaintiff's withdrawal of all such claims. D. I. #68 & 69.