**EXHIBIT "A"**

Service: Get by LEXSEE®
Citation: 2003 U.S. Dist. LEXIS 14562

2003 U.S. Dist. LEXIS 14562, *

FRANK WHALEN, JR., Plaintiff, v. CORRECTION MEDICAL SERVICE, et al., Defendants.

View the Full Docket from LexisNexis CourtLink for 1:02cv246
C.A. No. 02-246-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2003 U.S. Dist. LEXIS 14562

August 18, 2003, Decided

**SUBSEQUENT HISTORY:** Motion granted by, Claim dismissed by Whalen v. Corr. Med. Servs., 2003 U.S. Dist. LEXIS 21334 (D. Del., Nov. 20, 2003)

**DISPOSITION:** [*1] Defendant's motion to dismiss plaintiff's complaint granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff inmate filed a pro se complaint alleging that defendants, a correctional medical facility, a doctor, and a nurse violated the inmate's Eighth Amendment right to be free from cruel and unusual punishment by failing to provide adequate medical treatment. The correctional medical facility moved to dismiss the inmate's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**OVERVIEW:** Specifically, the inmate contended that defendants refused to perform back surgery on the inmate, caused the inmate to suffer a narcotic overdose, and discontinued the administration of necessary pain medication. However, in order to hold the facility liable, the inmate had to show that it had an established policy or custom that resulted in a deliberate indifference to the inmate's serious medical needs. The inmate did not allege, nor could he have proved any set of facts that would have demonstrated, the existence of any policy or custom that led the medical staff to deprive him of necessary medical care. The decision to not operate was merely a disagreement over the course of medical treatment.

**OUTCOME:** The correctional medical facility's motion to dismiss the complaint was granted.

**CORE TERMS:** custom, deliberate indifference, surgery, theory of respondeat superior, medical treatment, nonmoving party, pain, constitutional violation, medical care

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims

*HN1* ± When a court analyzes a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the factual allegations of the complaint must be accepted as true. The court must draw all reasonable inferences in favor of the nonmoving party. In sum, the only way a court can grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss is if it appears that the nonmoving party could prove no set of facts" consistent with the allegations that

would entitle it to relief. More Like This Headnote | *Shepardize:* Restrict By Headnote

Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Cruel & Unusual Punishment

Healthcare Law > Actions Against Facilities > Apparent Agency & Respondeat Superior > Respondeat Superior

HN2± A correctional medical service cannot be held liable under a theory of respondeat superior but can be held liable for a policy or custom that demonstrates deliberate indifference. More Like This Headnote | *Shepardize:* Restrict By Headnote

Governments > Legislation > Enactment

Governments > Local Governments > Duties & Powers

HN3± Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict. Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Rights Law > Section 1983 Actions > Law Enforcement Officials > Prison Officials

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

HN4± When a medical professional simply chooses between two equally appropriate forms of treatment, there is no constitutional violation even though a prisoner may not agree with or be displeased by the doctor's course of action. Likewise, a disagreement between two physicians over the proper course of treatment does not give rise to a constitutional violation since there may be several acceptable ways to treat an illness. More Like This Headnote

**COUNSEL:** Frank Whalen, Jr., Pro se Plaintiff, Smyrna, DE.

Kevin J. Connors, Esquire of MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN, Wilmington, Delaware. Attorney for Defendants Correctional Medical Service, Dr. Keith Iven and Melody Thorpe, N.P.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH J. FARNAN, JR.

**OPINION: MEMORANDUM OPINION**

Wilmington, Delaware

**FARNAN, District Judge**

Pending before the Court is Defendant Correctional Medical Services' ("CMS") Motion to Dismiss Plaintiff's Complaint (D.I. 23). For the reasons discussed below, the Court will grant the Motion.

Plaintiff filed a pro se Complaint (D.I. 2) alleging that Defendants CMS, Dr. Keith Iven, and Nurse Melody Thorpe violated his Eighth Amendment right to be free from cruel and unusual

punishment by failing to provide adequate medical treatment. n1 Specifically, Plaintiff contends that Defendants refused to perform back surgery on Plaintiff, caused Plaintiff to suffer a narcotic overdose, and discontinued the administration of necessary pain medication.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

N1 Plaintiff's Complaint originally named Kathy English and Governor Ruth Minner as Defendants, but the Court granted their Motion to Dismiss in a prior Order (D.I. 32).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*2]

Subsequently, CMS filed a Motion (D.I. 23) seeking to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). n2 CMS contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted because CMS cannot be held responsible for the acts of its employees, Dr. Ivens and Nurse Thorpe, under a theory of respondeat superior in a Section 1983 action and because Plaintiff's injury was not caused by a policy or custom of CMS's that demonstrates deliberate indifference to Plaintiff's serious medical needs.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 CMS also moved for dismissal under Federal Rule of Civil Procedure 12(b)(1) contending that Plaintiff failed to exhaust his administrative remedies; however, CMS withdrew this ground for dismissal in a subsequent submission (D.I. 28).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In response, Plaintiff contends that dismissal is inappropriate because CMS acted with deliberate indifference by failing to remedy a continuing or egregious wrong after learning of a violation. Specifically, Plaintiff contends that [*3] CMS knew of Plaintiff's serious back condition and his need for surgery and opted to medicate him rather than provide the surgery.

HN1 When a court analyzes a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be accepted as true. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The court must draw all reasonable inferences in favor of the nonmoving party. Id. In sum, the only way a court can grant a Rule 12(b)(6) motion to dismiss is "if it appears that the [nonmoving party] could prove no set of facts" consistent with the allegations that would entitle it to relief. Id.

HN2 CMS cannot be held liable under a theory of respondeat superior but can be held liable for a policy or custom that demonstrates deliberate indifference. Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1131-32 (D. Del. 1992)(citing Monell v. Department of Social Services of New York, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)); see also Gregory v. PHS Inc., 2001 U.S. Dist. LEXIS 15765, 2001 WL 1182779, at *4 (D. Del. Sep 21, 2001); Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995). [*4] In order to hold CMS liable, therefore, Plaintiff must show that CMS has an established "policy" or "custom" that resulted in a deliberate indifference to plaintiff's serious medical needs.

HN3 "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." Miller, 802 F. Supp. at 1132 (citations omitted). "Custom, on the other hand, can be proven by showing

that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id.

In the instant case, the Court concludes that Plaintiff has not alleged, nor could he prove any set of facts that would demonstrate, the existence of any CMS policy or custom that led the medical staff to deprive him of necessary medical care. To state a claim, Plaintiff would have to demonstrate that CMS has a policy or custom of not providing necessary medical care to inmates. Thus, even if the surgery was medically necessary and the treating physician failed to provide it, CMS would not be liable unless it had policy or custom that encouraged [*5] or otherwise caused its physicians to not provide such necessary services. Here, Plaintiff admits that he received treatment for his back pain, although not the treatment he deems most appropriate. In the Court's view, the decision to not operate is not a policy or custom, but merely a disagreement over the course of medical treatment which does not rise to a constitutional issue.

> HN4 When a medical professional simply chooses between two equally appropriate forms of treatment, there is no constitutional violation even though the prisoner may not agree with or be displeased by the doctor's course of action. Likewise, a disagreement between two physicians over the proper course of treatment does not give rise to a constitutional violation since 'there may ... be several acceptable ways to treat an illness.'

Key v. Brewington-Carr, 2000 WL 1346688, at *11 (D. Del. Sept. 6, 2000)(quoting White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990))(citations omitted). Accordingly, the Court will dismiss Plaintiff's Complaint against CMS.

**ORDER**

At Wilmington this 18th day of August 2003, for the reasons set forth in the Memorandum Opinion [*6] issued this date;

IT IS HEREBY ORDERED that Defendant Correctional Medical Services' Motion to Dismiss Plaintiff's Complaint (D.I. 23) is **GRANTED**.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

Service: Get by LEXSEE®
Citation: 2003 U.S. Dist. LEXIS 14562
View: Full
Date/Time: Wednesday, April 4, 2007 - 2:34 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
▦ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available

ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.