IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-209-SLR |
| | ) |
| FIRST CORRECTIONAL MEDICAL, | ) |
| NURSE BETTY BRADLEY, | ) |
| DR. BENJAMIN ROBINSON, and | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, | ) |
| | ) |
| Defendants. | ) |

William F. Davis, III, Delaware Correctional Center, Smyrna, Delaware. Pro se.

Daniel L. McKenty, Esquire, Heckler & Frabizzio, Wilmington, Delaware. Counsel for Defendants First Correctional Medical, Betty Bradley, and Dr. Benjamin Robinson.

Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendant Correctional Medical Services.

**MEMORANDUM OPINION**

Dated: January /0 , 2008
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is the renewed motion of defendant Correctional Medical Services, Inc. ("CMS") to dismiss plaintiff's complaint and amended complaint, a motion by CMS for entry of judgment, and plaintiff William F. Davis, III's motion for appointment of counsel. (D.I. 70, 77, 80) For the reasons set forth below, the court will grant the motion to dismiss, deny as moot the motion to deem dispositive motion unopposed, and deny without prejudice to renew the motion for appointment of counsel.

## II. BACKGROUND

Plaintiff, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) Amendments to the complaint were filed on December 22, 2004, October 16, 2006, and April 26, 2007. (D.I. 7, 52, 72) Plaintiff seeks compensation for defendants' alleged deliberate indifference to a serious medical need while he was incarcerated at the Gander Hill Correctional Facility ("Gander Hill").

Plaintiff alleges that in May 2002, he was told by the medical department he had developed a ventral hernia. (D.I. 2) He alleges that he was seen on many occasions by Dr. Robinson but he never received proper help. Id. Plaintiff was in the infirmary from May 10 through May 20, 2002. (D.I. 2 ex. C) Plaintiff alleges that he continued to complain of pain after he returned to his cell. Id. On June 17, 2002, nurse Betty Bradley allegedly told plaintiff that he was not going to the hospital, and that his problem was not a hernia but an obstruction of the bowels. (D.I. 2 ex. C) Exhibits to the complaint indicate that as of July 15, 2002, it had been determined that surgery was not necessary. (D.I. 2 ex. A, B) As of July 29, plaintiff continued to have pain to the extent

that Tylenol 3 did not help. Id.

Plaintiff was written up for disciplinary action on August 2, 2002, after he became disruptive because he wanted medical attention due to pain. (D.I. 2 ex.) Plaintiff alleges that his mother called Delaware Senator Margaret Henry's office on August 16, 2002. (D.I. 2 ex. C) The Senator's office was told by the prison that plaintiff was to see a surgeon. Id. Surgery was performed on September 5, 2002. Id. It is alleged that plaintiff could have died from the bacteria in his feces if treatment had been delayed much longer. Id. Plaintiff specifically alleges that, as a result of the delay in treatment, his "intestine burst, [he] almost died, and [he] lost four inches of [his] intestines." (D.I. 2) Id.

## III. DISCUSSION

### A. CMS' Renewed Motion to Dismiss

#### 1. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement

2

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### 2. Failure to State a Claim

CMS moves for dismissal on the grounds that the complaint and its amendments fail to set forth any specific allegations of its personal involvement and fail to allege the existence or execution of any unconstitutional policy or custom on its part demonstrating deliberate indifference to a serious medical need. It argues that dismissal is appropriate because, under § 1983, it cannot be held liable under a theory of respondeat superior. Finally, it moves for dismissal of the state law claims for medical negligence, noting that plaintiff previously withdrew the claim in D.I. 58.

In order to state an inadequate medical treatment claim under the Eighth Amendment, an inmate must allege deliberate indifference to serious medical needs constituting "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989); Miller v. Correctional Med. Sys., Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992).

3

In order to establish that CMS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

The court has thoroughly reviewed plaintiff's complaint and its amendments. There is no mention of CMS in the filings and no allegations against CMS. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988)

The complaint and its amendments do not set forth any alleged constitutional violations by CMS and, therefore, fail to state any claim against CMS. Moreover, as CMS correctly noted, plaintiff has withdrawn his claim for state medical negligence. Accordingly, the court will grant CMS' renewed motion to dismiss. (D.I. 70) CMS' motion to deem dispositive motion unopposed will be denied as moot. (D.I. 77)

### B. Motion for Appointment of Counsel

Plaintiff moves for appointed counsel on the basis that he has several debilitating

4

mental disorders, the legal issues are complex, an inmate who was helping him is scheduled for release, the credibility of defendants is an issue, and counsel will be better able to present evidence and examine witnesses at trial. (D.I. 80) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

To date, plaintiff has adequately pursue his claims. Upon consideration of the

5

record, the court is not persuaded that appointment of counsel is warranted at this time. Further, the court has yet not entered a scheduling order and discovery is far from complete. The scheduling order, once it is entered, will contain a deadline for filing dispositive motions. Accordingly, further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claim survive summary judgment.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will grant CMS' renewed motion to dismiss and deny as moot its motion to deem dispositive motion unopposed. (D.I. 70, 77) The court will deny without prejudice to renew plaintiff's motion for appointment of counsel. (D.I. 80) An appropriate order will be entered.