## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-cv-209 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | TRIAL BY JURY OF |
| INC., et al., | ) | TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

### NOTICE OF MOTION

TO:    Kevin J. Connors, Esquire
Marshall Dennehey Warner
   Coleman & Coggin
1220 North Market Street,
5th Flloor
P.O. Box 8888
Wilmington, DE 19899-8888

William F. Davis, III
SBI#162762
Delaware Correctional Center
1181 Paddock Road
Smryna, DE 19977

PLEASE BE ADVISED that the attached Motion for Sanctions Pursuant to

Federal Rule of Civil Procedure 37(b)(2) shall be presented at the convenience of

the Court.

**Heckler & Frabizzio, P.A.**

Patrick G. Rock, *DE Bar #4632*
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
Attorney for Defendant First
Correctional Medical

Dated: July 28, 2008
17810 / 404171

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

WILLIAM DAVIS, III                    )
                                      )
                    Plaintiff,        )        C.A. No. 04-CV-209 SLR
                                      )
        v.                            )
                                      )
FIRST CORRECTIONAL MEDICAL,           )        TRIAL BY JURY OF
INC., et al.,                         )        TWELVE DEMANDED
                                      )
                    Defendants.       )

## <u>RULE 7.1.1 STATEMENT</u>

As the Plaintiff is a *pro se* incarcerated litigant, the parties are exempt from Rule

7.1.1 requirements

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-CV-209 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | TRIAL BY JURY OF |
| INC., et al., | ) | TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

## MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37 (b)(2)

NOW COMES, Defendants in the above matter and requests sanctions of dismissal pursuant to Rule 37(b)(2)(ii), also 37 (b)(2)(v) and 37(b)(2)(vi). Defendants also move for payment of expenses pursuant to Rule 37(b)(2)(C). In support hereof, defendants offer the following:

1.    The Scheduling Order of March 31, 2008 (D.I. 90) directs discovery to be closed by July 31, 2008.

2.    Interrogatories and Requests for Production of Documents were propounded on April 3, 2008 (D.I. 91 and D.I. 92, respectively) and not having received responses to discovery, counsel filed a Motion to Compel on or about May 28, 2008, which is currently pending before Court.

3.    On May 28, 2008, counsel also filed a Motion for Leave to Depose the Plaintiff and on June 24, 2008 counsel received notice that the first motion to take deposition of William Davis, III on a date to be determined was granted. (See Exhibit A attached)

4.     On or about June 26, 2008 counsel noticed the plaintiff's deposition to take place on July 16, 2008 at 10:00 a.m.  (D.I. 98)

5.     On July 16, 2008, the undersigned counsel for defendants, as well as co-counsel for Nurse Betty Bradley and Dr. Robinson, and a court reporter appeared to take the deposition of the plaintiff.

6.     The plaintiff refused to submit to questions and indicated verbally that he was not intending to be "interviewed" without a lawyer and that he did not believe he was required to submit to an "interview".

7.     The undersigned counsel showed the plaintiff the motion requesting permission to take the deposition of the plaintiff, the Order permitting the deposition to be taken and the Notice of Deposition.  The plaintiff admitted to seeing the Notice of Deposition but did not recall seeing the motion and did not recall seeing the Order. Nonetheless, the plaintiff cited several reasons as to why he was not going to be "interviewed".

8.     The undersigned counsel directed the court reporter to record the conversation but the plaintiff was never sworn in and did not want to go on the record to say anything.

9.     The undersigned counsel attempted to explain to the plaintiff that he was required to submit to a deposition and that the Court permitted the taking of the deposition.  However, the plaintiff was not persuaded by counsel entreaties.

10.     As plaintiff cited numerous reasons why he could not sit for a deposition, defendant will leave it to the plaintiff to advise the Court in greater detail why he believes he should not submit to the deposition.

11.    Federal Rule of Civil Procedure 37(b)(2) allows:

"sanctions in the district where the action is pending". (a) for not obeying a discovery order. If a party or … fails to obey an order to provide or permit discovery…, the Court where the action is pending may issue further just Orders. They may include the following:

(i)     Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;

(ii)    Striking pleadings in whole or in part;

(iii)   Dismissing the action or proceeding in whole or in part;

(iv)    Rendering a default judgment against the disobedient party; or

(v)     Treating as contempt of court the failure to obey any Order except an Order to submit to a physical or mental examination.

12.    Defendant requests that the plaintiff be prohibited from supporting his claims and from introducing evidence supporting his claims.

13.    Additionally, Requests for Admission have been filed on June 16, 2008, the responses for which were required to be responded to within thirty (30) days pursuant to Rule 36(a)(3). (See D.I. 97)  Failure of the plaintiff to admit or deny those requests deem the matters admitted. (See Request for Admission attached Exhibit B)  Pursuant to the Requests for Admission, Correctional Medical Services, Inc., was the healthcare provider from January 2000 to June 30, 2002.  For that reason, any allegation the plaintiff has for that time period cannot be attributed to the defendant First Correctional Medical, Inc.  Additionally, pursuant to Request for Admission No. 29, the plaintiff has no evidence that First Correctional Medical, Inc., had a custom or policy of deliberate indifference to a serious medical need and therefore cannot prevail on his claim against it.

14.    Pursuant to the Request for Admission, the plaintiff also admits that he was seen and treated several times by Nurse Betty Bradley and that he has no evidence

3

that Nurse Betty Bradley was deliberately indifferent to a serious medical need. (See unanswered Request for Admission No. 14.)

15.    Plaintiff also is deemed to have admitted that he has no evidence that Dr. Robinson was deliberately indifferent to a serious medical need. (See Request for Admission No. 28.)

16.    As the plaintiff has admitted for purposes of this litigation that he has no evidence that either First Correctional Medical, Inc., Nurse Betty Bradley, or Dr. Benjamin Robinson have been deliberately indifferent to a serious medical need and as he would not consent to be deposed, defendants request that the Court issue an Order precluding the plaintiff from submitting evidence in support of his claim and dismiss this case with prejudice. Furthermore, if the Court does not issue an Order precluding the plaintiff from submitting evidence in support of his claim and dismiss this case, defendant requests that pursuant to Rule 37(b)(C) that plaintiff be ordered to pay the reasonable expenses, including attorneys' fees caused by the plaintiff's failure to submit to a deposition and requests, upon a granting of this motion, to submit an affidavit of attorneys' fees and expenses.

**Heckler & Frabizzio, P.A.**

Patrick G. Rock, DE Bar #4632
Daniel L. McKenty, DE Bar #2689
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
Attorney for Defendant First
Correctional Medical

Dated:   July 28, 2008
17810 / 404166

4

# EXHIBIT
# A

*7800* PLEADING.
04-209 SLR

## Patrick Rock

**From:** ded_nefreply@ded.uscourts.gov
**Sent:** Tuesday, June 24, 2008 3:43 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:04-cv-00209-SLR Davis v. Corr. Med. Systems, et al SO ORDERED

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 6/24/2008 at 3:43 PM EDT and filed on 6/24/2008
**Case Name:**       Davis v. Corr. Med. Systems, et al
**Case Number:**    1:04-cv-209
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**SO ORDERED, re [96] First MOTION to Take Deposition of William Davis, III on to be determined. Signed by Judge Sue L. Robinson on 6/24/2008. (nmf)**

**1:04-cv-209 Notice has been electronically mailed to:**

Kevin J. Connors kjconnors@mdwcg.com, dtwalsh@mdwcg.com, lawolhar@mdwcg.com, vllucas@mdwcg.com

Daniel L. McKenty dmckenty@hfddel.com, nvangorder@hfddel.com

Patrick G. Rock prock@hfddel.com

**1:04-cv-209 Notice has been delivered by other means to:**

William F. Davis, III
SBI#162762
Delaware Correctional Center
1181 Paddock Road

6/24/08

# EXHIBIT
# B

## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WILLIAM DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-CV-209 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, INC., et al., | ) | TRIAL BY JURY OF TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

### REQUEST FOR ADMISSION

In accordance with the provisions of Federal Rules of Civil Procedure 33 and 36, Defendant hereby requests that within thirty (30) days after service hereof, plaintiff admit, for the purposes of this action only, and under the penalty provisions of Federal Rule of Civil Procedure 37 (a), the truth of the following statements of fact.

1.    Admit that medical care provider, Correctional Medical Services, Inc., and not First Correctional Medical, Inc. was the healthcare provider from January 2000 to June 30, 2002.

### RESPONSE:

2.     I had been diagnosed with a hernia by at least January 17, 2001. I was seen on January 23, 2001 but no masses or lumps in my abdomen could be felt and it was determined that no treatment was required at that time.

**RESPONSE:**

3.     On October 16, 2001, I requested to be seen by a healthcare provider due to continuing pain in my side, I renewed the request to be seen on October 17, 2001 and I was seen October 29, 2001. On October 17, 2001 I requested to be seen to see if I have "a hernia or gas so that I can go back to work."

**RESPONSE:**

4.     On October 29, 2001, I was given medication and told to return if my symptoms persisted.

**RESPONSE:**

5.     On March 20, 2002, I requested to be seen to have my sugar levels checked and I was seen by a healthcare provider on March 25, 2002.

**RESPONSE:**

6.     On May 22, 2002 I was taken to the infirmary and examined by a nurse. The nurse located two (2) "golf ball" size protrusions and I explained they had been giving me trouble for about a month-then "tonight they just popped with excruciating pain." The nurse called a physician and ordered three (3) Tylenols and the plan at that time was to attempt to reduce the hernias in one (1) to two (2) hours. Nurse Betty Bradley requested that I be seen by a physician in the morning.

**RESPONSE:**

7.     On May 23, 2002, I was examined by a healthcare professional who palpated a hernia on my right side and a hernia on my left side, that was "easily reducible, and non-tender." After given treatment, my symptoms decreased and I was told to return to the clinic as needed.

**RESPONSE:**

8.    On June 2, 2002, I requested to be seen because "I [had] a hernia [and was] having lots of pain." The request to be seen was received on June 3, 2002 and I was seen on June 3, 2002 at Westside Sick Call.

**RESPONSE:**

9.    On June 6, 2002, I was evaluated by Dr. Keith Ivens at which point I explained to Dr. Ivens that I believe I have had a hernia for about a year. I explained that I have used an abdominal binder and for the most part did well with the binder. I explained that three (3) weeks ago, the hernia bulged out while I was at work and stayed out about 12 hours until I reduced it myself. Dr. Ivens examined me and found that the two (2) hernias were "incarcerated but not appearing to be strangulated." I received a Nubain injection for pain and while the left hernia was reducible, the right hernia was not reducible. "Dr. Ivens admitted me to the infirmary, requested an x-ray of my abdomen, and recommended a referral to Dr. Mammen for repairs."

**RESPONSE:**

10.     In addition to being seen by Dr. Ivens on June 6, 2002, I was seen by Nurse Betty Bradley who gave me the 10 mgs of nubain, who told me I should refrain from eating solids and start a liquid diet to attempt to reduce the hernias. About 45 minutes after my nubain injection, Dr. Ivens examined me and found that the left hernia was reducible but the right was not reducible. I explained to Dr. Ivens that I believe I have had a hernia for about a year. I explained that I have used an abdominal binder and for the most part did well with the binder. I explained that three (3) weeks ago, the hernia bulged out while I was at work and stayed out about 12 hours until I reduced it myself. Dr. Ivens observed that the two (2) hernias were "incarcerated but not appearing to be strangulated." After the injection, I had almost no pain during the reduction attempts. Dr. Ivens ordered that I continue to be monitored. Between June 6, 2002 and June 20, 2006, I was monitored daily by healthcare professionals, including Nurse Bradley. I was prescribed pain medication to reduce the pain, colace for constipation, a liquid diet, suppositories, and dulcolax.

**RESPONSE:**

11.     On June 16, 2002, Nurse Bradley gave me medication and observed me for my nutritional intake, and referred me to a physician assistant who ordered one (1) dose of Tylenol that provided some relief.   Nurse Bradley explained to me that Dr. Ivens was unavailable but that Dr. Baalcos would arrive in the morning to examine me.

**RESPONSE:**

12.     Nurse Bradley also examined me on June 18, 2002, June 19, 2002 and June 20, 2002.

**RESPONSE:**

13.     On June 20, 2002, I was observed resting in bed and I did not verbalize any complaints.  On that same day, a preliminary x-ray report found I had gas in transverse colon, but no bowel obstruction noted and I was medically cleared to return to general population.

**RESPONSE:**

14.    At no time was Nurse Bradley deliberally indifferent to a serious medical need and at no time did Nurse Bradley refuse to treat me.

**RESPONSE:**

15.    I have no evidence that Nurse Bradley was deliberately indifferent to my serious medical need.

**RESPONSE:**

16.    I had x-rays on June 7, 2002, June 18, 2002, July 9, 2002, August 13, 2002 and a CT scan of my abdomen done on August 6, 2002 at St. Francis Hospital.

**RESPONSE:**

17.    On June 26, 2002, I complained again about having abdominal pain. I was seen on July 3, 2002 and an x-ray was ordered of my abdomen. The x-ray was performed on July 9, 2002 and revealed no evidence of bowel obstruction.

**RESPONSE:**

18.    July 8, 2002, laboratory tests were taken to check my CMP, CBC, amylase and lipase levels.

**RESPONSE:**

19.    On July 12, 2002, I was examined by a health care professional.

**RESPONSE:**

20.    On July 14, 2002 I requested to be seen, and I renewed my request to be seen on July 18, 2002.  I was seen on July 19, 2002 by Dr. Robinson and an abdominal sonogram was ordered to rule out pancreatitis and a lab report was requested for CBC, chemscan, lipase, and amylase.

**RESPONSE:**

21.     On July 22, 2002, I was medically excused from work for 15 days and I was approved for a CT Scan of my abdomen to take place at St. Francis Hospital on August 6, 2002.

**RESPONSE:**

22.     As seen by a health care provider either for observation or treatment that included testing, examinations, medications, and education in 2002 on August 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 23, 26.

**RESPONSE:**

23.     On September 5, 2002, I was sent to be examined by Dr. Thomas Mammen, MD, who examined me and opined that I was in need of hernia surgery.

**RESPONSE:**

24.     I received the hernia surgery and returned to the prison on September 14, 2002 where I was admitted to the infirmary for post operative care.

**RESPONSE:**

25.     While in the infirmary, I was examined and/or treated in 2002 every day from September 14 to October 1, 2002.  On September 27, 2002, I requested to be released to the general population, but I was not released until a follow up visit with Dr. Mammen on September 30, 2002.

**RESPONSE:**

26.     As of September 30, 2002, I had no complaints, and I had returned from a follow up with Dr. Mammen on the morning of September 30, 2002.  At that time I refused colace and I was in no distress.  I was released back to population as of October 1, 2002.

**RESPONSE:**

27.     At no time did Dr. Robinson refuse to treat me.

**RESPONSE:**

28.     I have no evidence that Dr. Robinson was deliberately indifferent to a serious medical need.

**RESPONSE:**

29.     I have no evidence that the first two months that First Correctional

Medical, Inc., was the health car provider (July 2002 to September 2002) that First

Correctional Medical, Inc, had any policy or custom of deliberate indifference to

a serious medical need.

**RESPONSE:**

### RELATED INTERROGATORIES

1.     As to the accompanying request for admissions,

(a)     if PLAINTIFF denies any portion of the aforesaid request for

admissions, defendant requests that said plaintiff answer, under

oath, in accordance with Federal Rule of Civil Procedure 33, the

following interrogatories:

(i)     State all essential facts upon which you rely in denying

each portion of this request for admission.

(ii)     State the names and addresses of each person who has

knowledge of the facts relied upon in answer to the

preceding interrogatory.

(iii)     List each written document, if any, relied upon in support

of these facts set forth in reply to defendant's Interrogatory

Nos. (i) and (ii).

(iv)    State the name and address of each person who has in his or her possession a copy of each of the documents referred to in answer to defendant's Interrogatory No (iii).

(b)    If any plaintiff asserts in response to any of the request for admissions that he cannot truthfully admit or deny any portion of the request for admissions, defendant requests that the plaintiff answer, under oath, in accordance with Federal Rule of Civil Procedure 33, the following interrogatories:

(i)    State the "reasonable inquiry" made by the plaintiff to each specific portion of the request for admissions; and

(ii)    State the information known or readily attainable by the plaintiff explaining how that information is insufficient to enable such plaintiff to admit or deny any portion of the request for admissions.

ANSWER:

Heckler & Frabizzio, P.A.

/s/ Patrick G. Rock
Patrick G. Rock, *DE Bar #4632*
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
Attorney for Defendant First
Correctional Medical, Inc.

Dated: June 16, 2008
17810 / 396925

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WILLIAM DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-CV-209 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | TRIAL BY JURY OF |
| INC., et al., | ) | TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on June 16, 2008, I have caused a copy of the

foregoing Requests for Admission to Plaintiff to be served via first Class US Mail,

postage prepaid upon the following:

> William F. Davis, III
> SBI#162762
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

**Heckler & Frabizzio, P.A.**

/s/Patrick G. Rock
Patrick G. Rock, *DE Bar #4632*
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
Attorney for Defendant First
Correctional Medical

Dated: June 16, 2008
17810 / 396925

## Daniel McKenty

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, June 16, 2008 12:59 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:04-cv-00209-SLR Davis v. Corr. Med. Systems, et al Request for Admissions |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Delaware**

## Notice of Electronic Filing

The following transaction was entered by McKenty, Daniel on 6/16/2008 at 12:59 PM EDT and filed on 6/16/2008
**Case Name:**     Davis v. Corr. Med. Systems, et al
**Case Number:**    1:04-cv-209
**Filer:**        Patrick G. Rock
**Document Number:** 97

**Docket Text:**
**REQUEST for Admissions directed to Plaintiff by Patrick G. Rock.(McKenty, Daniel)**

**1:04-cv-209 Notice has been electronically mailed to:**

Kevin J. Connors    kjconnors@mdwcg.com, dtwalsh@mdwcg.com, lawolhar@mdwcg.com, vllucas@mdwcg.com

Daniel L. McKenty    dmckenty@hfddel.com, nvangorder@hfddel.com

Patrick G. Rock    prock@hfddel.com

**1:04-cv-209 Notice has been delivered by other means to:**

William F. Davis, III
SBI#162762
Delaware Correctional Center
1181 Paddock Road

6/17/2008

Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/16/2008] [FileNumber=583682-0]
[7c5774f974a2a3566d67ebb3a768722d9962fa64338a8eb0cadbd32b6c03e56c291e
1ca0a6587ada6f7f2850ed811e0e246e939368c65f9c2ee8817004368e0d]]

## UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-CV-209 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | TRIAL BY JURY OF |
| INC., et al., | ) | TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

## ORDER

HAVING HEARD the defendants' Motion for Sanctions and any responses thereto IT IS ORDERED, that plaintiff shall be precluded from submitting evidence in support of his claims in the above matter pursuant to Rule 37 (b)(2)(ii)-(vi) and as the plaintiff has admitted he has no evidence to support his claim of deliberate indifference to a serious medical need to either Dr. Robinson or Nurse Betty Bradley, and First Correctional Medical, Inc., his claim is dismissed with prejudice.

The plaintiff is required to reimburse the defendant for the reasonable expenses, including attorneys' fees for his refusal to submit to a deposition and in an amount to be determined upon defendants' counsels' submission of expenses and attorneys' fees incurred in the attempt to take the deposition of the plaintiff.

IT IS SO ORDERED:

_____
Judge

Dated: _____

404176 / 17810

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-CV-067 |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | TRIAL BY JURY OF |
| INC., et al., | ) | TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on July 28, 2008, I have caused a copy of the foregoing

Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2) to be served via first

Class US Mail, postage prepaid upon the following:

Kevin J. Connors, Esquire
Marshall Dennehey Warner
Coleman & Gogin
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

William F. Davis, III
SBI#162762
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**Heckler & Frabizzio, P.A.**

Patrick G. Rock, *DE Bar #4632*
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
Attorney for Defendant

Dated: July 28, 2008
17810 / 404177