IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ No. 04-209-SLR |
| | ) |
| FIRST CORRECTIONAL MEDICAL, | ) |
| NURSE BETTY BRADLEY, and | ) |
| DR. BENJAMIN ROBINSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 8th day of August, 2008, having considered the motion to compel and motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2);

IT IS ORDERED as follows:

1. **Background**. The discovery deadline ended on July 31, 2008, and the deadline for filing dispositive motions is September 1, 2008. (D.I. 90) Plaintiff appears pro se and is incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware. He was granted leave to proceed in forma pauperis.

2. **Motion to Compel**. Defendant First Correctional Medical's ("FCM") motion to compel is **granted**. (D.I. 95) FCM propounded interrogatories and requests for production of documents upon plaintiff on April 3, 2008. (D.I. 91, 92) To date, plaintiff has not responded to the discovery requests. Nor did plaintiff respond to the motion to compel. Plaintiff shall provide complete and verified answers to the interrogatories and responses to the requests for production of documents within **ten days** from the date of this order. Plaintiff is placed on notice that failure to respond to this order may result in

sanctions, including the striking of pleadings, default judgment, or a finding of failure to prosecute.

    3. **Motion for Sanctions**. FCM's motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2) is **denied** without prejudice with leave to renew. FCM filed a motion for leave to depose plaintiff and it was granted on June 24, 2008. The deposition was noticed to take place on July 16, 1008. (D.I. 98) Plaintiff appeared on the day of the deposition but refused to answer questions without a lawyer and stated that he did not believe he was required to submit to an "interview." Plaintiff cited several reasons why he would not submit to an interview, but would not allow a court reporter to record his conversation with defendants' counsel. Because of plaintiff's unwillingness to be deposed, defendants ask for sanctions by prohibiting plaintiff from supporting his claims and from introducing evidence supporting his claims. Alternatively, FCM asks that plaintiff be ordered to pay reasonable expenses, including attorney's fees, caused by his failure to submit to the deposition.

    4. Plaintiff shall submit to deposition and respond to questions posed to him on or before **August 22, 2008**. Plaintiff is placed on notice that his failure to comply with this order will result in sanctions, including the striking of pleadings, default judgment, a finding of failure to prosecute, or payment of expenses.

    5. FCM served plaintiff with requests for admission on June 16, 2008 but, to date, plaintiff has responded to them. Pursuant to Fed. R. Civ. P. 36(a)(3), a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the

matter and signed by the party. Inasmuch as plaintiff did not timely respond to the requests for admissions, they are deemed admitted.

/s/ Sue L. Robinson<br>
UNITED STATES DISTRICT JUDGE