## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-CV-209 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | TRIAL BY JURY OF |
| INC., et al., | ) | TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS BETTY BRADLEY AND DR. BENJAMIN ROBINSON'S MOTION FOR SUMMARY JUDGMENT

NOW COMES, Defendants in the above matter and requests that the Court Enter Judgment in their favor pursuant to Fed.R.Civ.P. 56 and alleges that there is no issue of material fact and that they are entitled to judgment in their favor. In support hereof, defendants offer the following:

1.    On August 12, 2008, the Court issued an Order (D.I. 106) Ordering the Plaintiff to appear for a deposition, and to provide Answers to Interrogatories and Responses to Request for Production of Documents within 10 days. Additionally, the Court acknowledged that the Plaintiff did not respond to Requests for Admissions and therefore, they have been deemed admitted. See Requests for Admission attached as exhibit A.

2.    With the Requests for Admission deemed admitted, Defendant's counsel has elected not to pursue a deposition of plaintiff.

3.    The Interrogatories propounded upon the plaintiff sought each fact that the plaintiff alleges was omitted or performed that was a violation of Plaintiff's

civil rights. As of the date of preparing this Motion, Plaintiff has not responded to the Discovery.

4.      To prevail in his claim for a violation of his civil rights, the plaintiff must show that Nurse Bradley and Dr. Benjamin Robinson were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). An incidence of negligence or malpractice does not violate the Eighth Amendment. Estelle, 429 U.S. at 106. "Similarly, a difference of medical opinion between the prison's medical staff and the inmate as to the latter's course of treatment does not support a claim of cruel and unusual punishment." Hynson v. Correctional Medical Services, Inc., 2003 WL 292085 (D.Del.), attached as Exhibit B.

5.      "An inmate's claims against members of a prison medical department are not viable under §1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf." Estelle v. Gamble, 429 U.S. at 107.

6.      In 2002, the plaintiff was treated for his hernias by manipulation, medication, and pain relievers and the plaintiff was provided medical observation and diagnostic tests to examine bowel obstructions and to assist in obtaining a differential diagnosis. This Court has observed that,

> When a medical professional simply chooses between two equally appropriate forms of treatment, there is no constitutional violation even though the prisoner may not agree with or be displeased by the doctors' course of action. Likewise, a disagreement between two physicians over the proper course of treatment does not give rise to a constitutional violation since "[t]here may ...be several acceptable ways to treat an

illness." <u>Whalen v. Correctional Medical Service</u>, 2003 WL 21994752 (D.Del.) <u>citing, Key v. Brewington-Carr</u>, 2000 WL 1346688, at *11 (D.Del. Sept. 6, 2000) attached as Exhibit C.

7.    The plaintiff has admitted in the Requests for Admission that neither Nurse Betty Bradley, nor Dr. Benjamin Robinson refused to treat him and he has admitted that he has no evidence that Nurse Betty Bradley or Dr. Benjamin Robinson were deliberately indifferent to a serious medical need.  See Request for Admission 14, 15, 27 and 28, attached as exhibit A.

8.    The medical records and requests for admission demonstrate that the plaintiff was provided medical care including examinations, medications, diagnostic tests (X-rays, CT scans) including his surgery on September 5, 2002.  Even if medical staff attempted to determine whether the etiology of the plaintiff's complaints were from a bowel obstruction as opposed to hernias, the plaintiff cannot prove the staff were deliberately indifferent.  Specifically, the plaintiff has no evidence that Betty Bradley or Dr. Benajamin Robinson performed or omitted any act equating to deliberate indifference to a serious medical need.

9.    As the plaintiff has no evidence that Nurse Betty Bradley or Dr. Benjamin Robinson were deliberately indifferent to a serious medical need summary judgment is appropriate.

Respectfully submitted,

**Heckler & Frabizzio, P.A.**

Patrick G. Rock, DE Bar #4632
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
Attorney for Defendants

Dated:
17810 / 409339