UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-CV-209 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, INC., et al., | ) ) | TRIAL BY JURY OF TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

AMENDMENT TO MOTION FOR SANCTIONS (D.I. 109)
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37 (b)(2)
FOR PLAINITFF'S
FAILURE TO ABIDE BY COURT ORDER DATED AUGUST 12, 2008 (D.I. 106)

1. Defendant's counsel wishes to amend the previously filed Motion for Sanctions (D.I. 109) based upon information learned since preparing and filing the Motion. The new information comes from a discovery on September 4, 2008, that the plaintiff mailed documents to co-counsel Dan McKenty, Esquire that were similar to those sent to the undersigned counsel, but contained what appear to be a Response to Request for Production of Documents and handwritten notes on Requests for Admissions that were received on August 20, 2008. These documents were not served upon the undersigned counsel or filed with the Court and the undersigned counsel was not made aware of them until September 4, 2008.

2. The undersigned counsel thought the Court should be aware of the documents to evaluate the Motion for Sanctions. Therefore the entire packet sent to co-

counsel Dan McKenty is attached. Each exhibit identified below is meant to explain to the Court what counsel received from the plaintiff and the order of the documents.

3. Attached as exhibit A are Defendant's Request for Production of Documents that have handwritten "Responses" and the plaintiff's signature on the verification page. The date of the signature is August 17, 2008.

4. Attached as exhibit B are Requests for Admission that appear to have notations that are by-and-large, not responsive. Defendant does not waive the claim that the plaintiff has not timely responded to the Requests for Admission and that they are therefore deemed admitted.

5. Attached as exhibit C are what appear to be selected pages from a "Prisoners Self-Help Litigation Manual".

6. Attached as exhibit D is a packet of eight lined pages with handwriting signed by Lois Davis, which appears to be a chronology of events.

7. Attached as exhibit E are five pages of Grievance records.

8. Attached as exhibit F is a "Statement of Claim" signed 8/17/08, with a document titled "Grievance Exhaustion" signed 8/17/08, a "Motion for Summary Judgment" signed on 8/17/08, "Motion for Appointment of Counsel" dated 8/17/08, and a "Certificate of Service" page dated 8/17/08.

9. Attached as exhibit G is a "Declaration" signed by Lois E. Davis with a second page attached that appears to be dated February 7, 2008 also signed by Lois Davis.

10. Attached as exhibit H is a copy of the envelope used to deliver the foregoing documents to Daniel McKenty to illustrate that the undersigned counsel did not receive the documents until September 4, 2008.

11. It appears that the plaintiff attempted to respond to Request for Production of Documents. However, as of the day of preparing this Amendment, the Plaintiff has still not provided Answers to Interrogatories.

12. The docket does not contain an entry that the Responses to Request for Production of Documents have been filed and served, nor does it contain a notation that Answers to Interrogatories have been filed and served.

13. Counsel thought it best to bring to the Courts attention that the aforementioned documents were mailed to one of the Defendant's attorneys to enable the Court to take into consideration that the plaintiff may have attempted to Respond to the Request for Production of Documents and, though late, The Requests for Admission. It remains that the Plaintiff has not Answered Interrogatories.

14. Defendants wish to maintain the request for sanctions for the Plaintiff's failure to provider Answers to Interrogatories as grounds for sanctions and dismissal.

WHEREFORE, Defendants requests that the Complaint against them be stricken from the record, that plaintiff be prohibited from supporting his claims and from introducing evidence supporting his claims, and that the Complaint against them be dismissed with prejudice.

Respectfully submitted,

**Heckler & Frabizzio, P.A.**

_/s/ Patrick G. Rock_
Patrick G. Rock, DE Bar #4632
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
Attorney for Defendants

Dated: September 5, 2008
17810 /411078