# EXHIBIT B

Case 1:04-cv-00209-SLR    Document 112-4    Filed 09/08/2008    Page 1 of 15

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 2 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 10 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 1 of 13

11810
pldg

**RECEIVED**
AUG 20 2008
H & F

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

WILLIAM DAVIS, III            )
                              )
        Plaintiff,            )   C.A. No. 04-CV-209 SLR
                              )
    v.                        )
                              )
FIRST CORRECTIONAL MEDICAL,   )   TRIAL BY JURY OF
INC., et al.,                 )   TWELVE DEMANDED
                              )
        Defendants.           )

## REQUEST FOR ADMISSION

In accordance with the provisions of Federal Rules of Civil Procedure 33 and 36, Defendant hereby requests that within thirty (30) days after service hereof, plaintiff admit, for the purposes of this action only, and under the penalty provisions of Federal Rule of Civil Procedure 37 (a), the truth of the following statements of fact.

1.  Admit that medical care provider, Correctional Medical Services, Inc., and not First Correctional Medical, Inc. was the healthcare provider from January 2000 to June 30, 2002.

**RESPONSE:**

First Correction medica was their from June 30⁰² to the time of surgery.

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 3 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 11 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 2 of 13

2. I had been diagnosed with a hernia by at least January 17, 2001. I was seen on January 23, 2001 but no masses or lumps in my abdomen could be felt and it was determined that no treatment was required at that time.

RESPONSE: these question is not me asking. the had a hernias may 22, 02

3. On October 16, 2001, I requested to be seen by a healthcare provider due to continuing pain in my side, I renewed the request to be seen on October 17, 2001 and I was seen October 29, 2001. On October 17, 2001 I requested to be seen to see if I have "a hernia or gas so that I can go back to work."

RESPONSE: these question is not me asking. on may 22, 02 I complained of pain

4. On October 29, 2001, I was given medication and told to return if my symptoms persisted.

RESPONSE: these question is not me asking. pain medication did not work.

5. On March 20, 2002, I requested to be seen to have my sugar levels checked and I was seen by a healthcare provider on March 25, 2002.

RESPONSE: these question is not me asking. I was not a diabetic at that time.

6. On May 22, 2002 I was taken to the infirmary and examined by a nurse. The nurse located two (2) "golf ball" size protrusions and I explained they had been giving me trouble for about a month-then "tonight they just popped with excruciating pain." The nurse called a physician and ordered three (3) Tylenols and the plan at that time was to attempt to reduce the hernias in one (1) to two (2) hours. Nurse Betty Bradley requested that I be seen by a physician in the morning.

RESPONSE: these question is not me asking the hernias was not reducible

7. On May 23, 2002, I was examined by a healthcare professional who palpated a hernia on my right side and a hernia on my left side, that was "easily reducible, and non-tender." After given treatment, my symptoms decreased and I was told to return to the clinic as needed.

RESPONSE: these question is not me asking. given me pain pill's not treatment.

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 5 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 13 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 4 of 13

8. On June 2, 2002, I requested to be seen because "I [had] a hernia [and was] having lots of pain." The request to be seen was received on June 3, 2002 and I was seen on June 3, 2002 at Westside Sick Call.

RESPONSE: those question is not me Asking. X-Ray revealed a partial distal small bowel obstruction.

9. On June 6, 2002, I was evaluated by Dr. Keith Ivens at which point I explained to Dr. Ivens that I believe I have had a hernia for about a year. I explained that I have used an abdominal binder and for the most part did well with the binder. I explained that three (3) weeks ago, the hernia bulged out while I was at work and stayed out about 12 hours until I reduced it myself. Dr. Ivens examined me and found that the two (2) hernias were "incarcerated but not appearing to be strangulated." I received a Nubain injection for pain and while the left hernia was reducible, the right hernia was not reducible. "Dr. Ivens admitted me to the infirmary, requested an x-ray of my abdomen, and recommended a referral to Dr. Mammen for repairs."

RESPONSE: those question is not me Asking. The binder did not work. Reason for Referral by First Correctional Medical 9-5-02. pain pill hideing the problem, making it worst.

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 6 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 14 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 5 of 13

10. In addition to being seen by Dr. Ivens on June 6, 2002, I was seen by Nurse Betty Bradley who gave me the 10 mgs of nubain, who told me I should refrain from eating solids and start a liquid diet to attempt to reduce the hernias. About 45 minutes after my nubain injection, Dr. Ivens examined me and found that the left hernia was reducible but the right was not reducible. I explained to Dr. Ivens that I believe I have had a hernia for about a year. I explained that I have used an abdominal binder and for the most part did well with the binder. I explained that three (3) weeks ago, the hernia bulged out while I was at work and stayed out about 12 hours until I reduced it myself. Dr. Ivens observed that the two (2) hernias were "incarcerated but not appearing to be strangulated." After the injection, I had almost no pain during the reduction attempts. Dr. Ivens ordered that I continue to be monitored. Between June 6, 2002 and June 20, 2006, I was monitored daily by healthcare professionals, including Nurse Bradley. I was prescribed pain medication to reduce the pain, colace for constipation, a liquid diet, suppositories, and dulcolax.

**RESPONSE:** these question is not me posting. the did not eat because I had a bowel obstruction in pain all the time. I did not reducible the hernia, binder did not work, pain pill did not work. I was not monitord that why I call home all the time.

Case 1:04-cv-00209-SLR  Document 112-4  Filed 09/08/2008  Page 7 of 15
Case 1:04-cv-00209-SLR  Document 101  Filed 07/28/2008  Page 15 of 26
Case 1:04-cv-00209-SLR  Document 97  Filed 06/16/2008  Page 6 of 13

11. On June 16, 2002, Nurse Bradley gave me medication and observed me for my nutritional intake, and referred me to a physician assistant who ordered one (1) dose of Tylenol that provided some relief. Nurse Bradley explained to me that Dr. Ivens was unavailable but that Dr. Baalcos would arrive in the morning to examine me.

RESPONSE: pain pills did not work.

12. Nurse Bradley also examined me on June 18, 2002, June 19, 2002 and June 20, 2002.

RESPONSE: that all Nurse Bradley did.

13. On June 20, 2002, I was observed resting in bed and I did not verbalize any complaints. On that same day, a preliminary x-ray report found I had gas in transverse colon, but no bowel obstruction noted and I was medically cleared to return to general population.

RESPONSE: medical report from Dr Mammen stated All had obstution. the time

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 8 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 16 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 7 of 13

14. At no time was Nurse Bradley deliberately indifferent to a serious medical need and at no time did Nurse Bradley refuse to treat me.

RESPONSE: Nurse Bradley did deliberally indifferent I did get substand medical policy and procedure she did not follow knowing I was in a lot of pain.

15. I have no evidence that Nurse Bradley was deliberately indifferent to my serious medical need.

RESPONSE: letter from Raphael Williams warden stated I donot need no clinical need to repair my hernias. medical record stated they found massive in my obdominal

16. I had x-rays on June 7, 2002, June 18, 2002, July 9, 2002, August 13, 2002 and a CT scan of my abdomen done on August 6, 2002 at St. Francis Hospital.

RESPONSE: St Francis hospital revealed near total small bowel obstruction

17. On June 26, 2002, I complained again about having abdominal pain. I was seen on July 3, 2002 and an x-ray was ordered of my abdomen. The x-ray was performed on July 9, 2002 and revealed no evidence of bowel obstruction.

RESPONSE: medical record show from St. Francis hospital revealed near total small bowel obstruction in a lot of pain all the time.

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 9 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 17 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 8 of 13

18. July 8, 2002, laboratory tests were taken to check my CMP, CBC, amylase and lipase levels.

**RESPONSE:** I had no hernia small bowel obstruction

19. On July 12, 2002, I was examined by a health care professional.

**RESPONSE:** I had a hernia small bowel obstruction and complaints of discomfort.

20. On July 14, 2002 I requested to be seen, and I renewed my request to be seen on July 18, 2002. I was seen on July 19, 2002 by Dr. Robinson and an abdominal sonogram was ordered to rule out pancreatitis and a lab report was requested for CBC, chemscan, lipase, and amylase.

**RESPONSE:** these question is not me asking. Dr. Robinson told me that my pancretitis is not working well.

21. On July 22, 2002, I was medically excused from work for 15 days and I was approved for a CT Scan of my abdomen to take place at St. Francis Hospital on August 6, 2002.

RESPONSE: these question is not me asking. not reducible bowel sounds were decreased because small bowel obstruction.

22. As seen by a health care provider either for observation or treatment that included testing, examinations, medications, and education in 2002 on August 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 23, 26.

RESPONSE: testing examination and medication show is needed surgery right away.

23. On September 5, 2002, I was sent to be examined by Dr. Thomas Mammen, MD, who examined me and opined that I was in need of hernia surgery.

RESPONSE: St. Francis hospital record show seen by Dr. Mammen emergently brought to the operation Room.

24. I received the hernia surgery and returned to the prison on September 14, 2002 where I was admitted to the infirmary for post operative care.

RESPONSE: I went home after the surgery.

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 11 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 19 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 10 of 13

25. While in the infirmary, I was examined and/or treated in 2002 every day from September 14 to October 1, 2002. On September 27, 2002, I requested to be released to the general population, but I was not released until a follow up visit with Dr. Mammen on September 30, 2002.

RESPONSE: September I went home after the Surgery treated just pain pills.

26. As of September 30, 2002, I had no complaints, and I had returned from a follow up with Dr. Mammen on the morning of September 30, 2002. At that time I refused colace and I was in no distress. I was released back to population as of October 1, 2002.

RESPONSE: Colace I did not by no one or ask for. I went home after the Surgery

27. At no time did Dr. Robinson refuse to treat me.

RESPONSE: Substandard medical Care. policy and procedure not follow.

28. I have no evidence that Dr. Robinson was deliberately indifferent to a serious medical need.

RESPONSE: Substadard medical care policy and procedur not follow. Delay on the Seriousness and urge medical needs excessive risk to medical care was aware of the Substantial risk. A blind eye.

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 12 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 20 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 11 of 13

29. I have no evidence that the first two months that First Correctional Medical, Inc., was the health car provider (July 2002 to September 2002) that First Correctional Medical, Inc, had any policy or custom of deliberate indifference to a serious medical need. these question is not me asking.

RESPONSE: Delay in treatment went hernias was not reducible and bowel sounds were decreased because I had a small bowel obstrution I need surgery

### RELATED INTERROGATORIES

1. As to the accompanying request for admissions,

    (a) if PLAINTIFF denies any portion of the aforesaid request for admissions, defendant requests that said plaintiff answer, under oath, in accordance with Federal Rule of Civil Procedure 33, the following interrogatories:

    (i) State all essential facts upon which you rely in denying each portion of this request for admission.

    (ii) State the names and addresses of each person who has knowledge of the facts relied upon in answer to the preceding interrogatory.

    (iii) List each written document, if any, relied upon in support of these facts set forth in reply to defendant's Interrogatory Nos. (i) and (ii).

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 13 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 21 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 12 of 13

    (iv) State the name and address of each person who has in his or her possession a copy of each of the documents referred to in answer to defendant's Interrogatory No (iii).

 (b) If any plaintiff asserts in response to any of the request for admissions that he cannot truthfully admit or deny any portion of the request for admissions, defendant requests that the plaintiff answer, under oath, in accordance with Federal Rule of Civil Procedure 33, the following interrogatories:

    (i) State the "reasonable inquiry" made by the plaintiff to each specific portion of the request for admissions; and

    (ii) State the information known or readily attainable by the plaintiff explaining how that information is insufficient to enable such plaintiff to admit or deny any portion of the request for admissions.

ANSWER:

                   Heckler & Frabizzio, P.A.

                   /s/ Patrick G. Rock
                   Patrick G. Rock, *DE Bar #4632*
                   800 Delaware Avenue, Suite 200
                   PO BOX 128
                   Wilmington, DE 19899
                   Attorney for Defendant First
                   Correctional Medical, Inc.

Dated: June 16, 2008
17810 / 396925

Case 1:04-cv-00209-SLR   Document 112-4   Filed 09/08/2008   Page 14 of 15
Case 1:04-cv-00209-SLR   Document 101   Filed 07/28/2008   Page 22 of 26
Case 1:04-cv-00209-SLR   Document 97   Filed 06/16/2008   Page 13 of 13

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-CV-209 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, INC., et al., | ) ) ) | TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on June 16, 2008, I have caused a copy of the foregoing Requests for Admission to Plaintiff to be served via first Class US Mail, postage prepaid upon the following:

> William F. Davis, III
> SBI#162762
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

Heckler & Frabizzio, P.A.

/s/Patrick G. Rock
Patrick G. Rock, *DE Bar #4632*
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
Attorney for Defendant First Correctional Medical

Dated: June 16, 2008
17810 / 396925

Case 1:04-cv-00209-SLR    Document 112-4    Filed 09/08/2008    Page 15 of 15
Case 1:04-cv-00209-SLR    Document 101    Filed 07/28/2008    Page 23 of 26
Page 1 of 2

## Daniel McKenty

**From:** ded_nefreply@ded.uscourts.gov
**Sent:** Monday, June 16, 2008 12:59 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:04-cv-00209-SLR Davis v. Corr. Med. Systems, et al Request for Admissions

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of Delaware

### Notice of Electronic Filing

The following transaction was entered by McKenty, Daniel on 6/16/2008 at 12:59 PM EDT and filed on 6/16/2008

**Case Name:** Davis v. Corr. Med. Systems, et al
**Case Number:** 1:04-cv-209
**Filer:** Patrick G. Rock
**Document Number:** 97

**Docket Text:**
**REQUEST for Admissions directed to Plaintiff by Patrick G. Rock.(McKenty, Daniel)**

**1:04-cv-209 Notice has been electronically mailed to:**

Kevin J. Connors    kjconnors@mdwcg.com, dtwalsh@mdwcg.com, lawolhar@mdwcg.com, vllucas@mdwcg.com

Daniel L. McKenty    dmckenty@hfddel.com, nvangorder@hfddel.com

Patrick G. Rock    prock@hfddel.com

**1:04-cv-209 Notice has been delivered by other means to:**

William F. Davis, III
SBI#162762
Delaware Correctional Center
1181 Paddock Road

6/17/2008